STATE of Minnesota,
Petitioner, Appellant,

v.

Todd Anthony KAISER, Respondent.

No. C9–90–1312.

Supreme Court of Minnesota.

May 3, 1991.

As Amended on Denial of Rehearing
May 24, 1991.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, for appellant.

Robert E. Pottratz, Meyer, Meyer & Pottratz, Melrose, for respondent.

SIMONETT, Justice.

This appeal presents a number of important issues relating to guilty plea negotiations and to the withdrawal of guilty pleas.

Defendant, age 18, was charged with criminal sexual conduct in the third degree

and the lesser offense of criminal sexual conduct in the fourth degree for sexually penetrating a 16–year–old girl who allegedly had passed out after consuming too much alcohol. After two days of trial and after the state had called most of its witnesses, including the complainant, defendant was permitted to plead guilty to the lesser charge and avoid the risk of going to prison if he was convicted of the more serious charge. A couple of weeks later, before sentencing, defendant moved to withdraw his guilty plea. The trial court denied the motion.

Concluding that the trial court erred, the court of appeals vacated defendant's conviction and remanded for a new trial. We conclude that the record on appeal does not support the court of appeals' determination that defendant should be permitted to withdraw his guilty plea. We therefore reverse the decision of the court of appeals and reinstate the judgment of conviction. Because, however, we believe the trial court erred in refusing to let defendant testify in support of his contention that his attorney coerced the plea, we remand to the trial court so that defendant, if he still wants to pursue his motion to withdraw, may receive the plenary evidentiary hearing to which he was entitled.

On the evening of September 2, 1989, the complainant, a 16–year–old girl, collapsed on the dance floor at a ballroom after drinking a large quantity of alcohol. Some of her girl friends moved complainant outside to a grassy area at the edge of the parking lot where, the state alleged, defendant had sexual contact with the girl while she was physically helpless and sick as a result of her intoxication. An employee of the ballroom caught defendant while he was engaged in sexual contact with the girl. Blood tests taken an hour or so after the incident showed defendant (who had been unacquainted with the complainant or her girl friends) had a blood alcohol concentration of .11, while the complainant had a blood alcohol concentration of .21.

Although at the scene defendant allegedly had claimed that he "didn't touch her," at the jail he apparently gave a statement in which he admitted digitally penetrating the complainant but claimed he had implied consent to do so because she "responded" to his kisses.

If convicted of the greater offense defendant faced a presumptive sentence of 48 (44–52) months executed; but if convicted of the lesser offense he faced a presumptive sentence of 21 months stayed. The prosecutor apparently offered defendant a favorable plea bargain to the lesser offense both before trial and during trial before the complainant testified. Defendant, represented by a private attorney, rejected the offers.

It appears from the record of the hearing on the motion to withdraw that on the morning of the second day of trial the trial court asked defense counsel, who was in chambers looking for coffee, if there had been plea negotiations.[1] The trial court asked this in part because of its awareness of defense counsel's lack of experience in representing criminal defendants. The trial court was also concerned that defense counsel was taking a big risk subjecting defendant to a conviction of the more serious charge. Defense counsel apparently referred to the possibility of a downward departure if defendant were found guilty of the charges, but the trial court said that up to that point at least it had not seen any mitigating circumstances that would justify such a departure.

After court adjourned for the day, the prosecutor and defense counsel engaged in plea negotiations. It appears that the state initially said it was not interested in giving defendant the same favorable agreement it had earlier offered. The prosecutor said something to the effect that the trial court could not depart downward if defendant was convicted. The trial court corrected the prosecutor on this, making it clear that if defendant were convicted of the more serious charge and if mitigating circum-

1. The fact that the prosecutor was not present is something of which the state but not the defense

can complain. The state does not complain.

stances were present the court could depart downward.

The following morning defendant appeared in court and entered a guilty plea to the lesser charge pursuant to an agreement whereby the prosecutor recommended a "cap" of a year of probationary jail time. (This agreement by the prosecutor was less favorable than the agreement originally offered.) Defendant was questioned carefully and extensively on the record and admitted that the complainant was physically helpless at the time he digitally penetrated her vagina. While maintaining that to a certain extent he did not feel totally guilty, he also said that he was aware a jury could well find him guilty of the more serious charge, not just the charge to which he was pleading guilty.

About two weeks later defendant moved to withdraw the plea, claiming that his attorney coerced him into pleading guilty.[2] Defense counsel repeatedly sought the trial court's permission to call defendant so that defendant could testify in support of the claim, but the trial court refused. Our decision in *Kim v. State*, 434 N.W.2d 263 (Minn.1989), discussed infra, was summarized for the court during the attorneys' arguments, so the court clearly was aware of the two different standards for with-

drawal discussed in *Kim*. The trial court denied the motion to withdraw.

The trial court stayed imposition of sentence (something that was more favorable to the defendant than a stay of execution, *see* Minn.Stat. § 609.13) and ordered defendant to serve 6 months of probationary jail time with the possibility of release after 3 months (a sentence in line with that originally offered by the prosecutor in the pretrial plea negotiations).

The court of appeals (a) concluded that the trial court, although finding that there was no manifest injustice, did not make a determination under the "fair and just" standard, (b) said that in order "to avoid further delay" by remanding so the trial court could determine whether withdrawal would be "fair and just," it had "reviewed the reasons for [defendant's] motion under the appropriate standard," and (c) concluded the trial court should have allowed the plea withdrawal. It added:

> The motion to withdraw was made only a few weeks after the plea and prior to sentencing. In support of his motion to withdraw, Kaiser filed an affidavit stating that his attorney pressured him into pleading guilty. Kaiser's lawyer also filed an affidavit stating that he had

---

2. The essence of the claim, as explained by defense counsel, was not that the trial court was at fault for telling him that, absent mitigating circumstances, defendant might face imprisonment for up to 48 months if convicted of the more serious charge. Rather, the claim was that *defense counsel* coerced defendant to plead guilty. (That being so, defense counsel probably should have withdrawn and defendant should have been represented by a different attorney at the hearing on his motion, because defense counsel himself was a potential witness on defendant's behalf.)

The role of the trial judge in the plea negotiation process is not an easy role to play. On the one hand, the defendant who is considering whether or not to plead guilty wants to know what he or she will get in terms of sentence if he or she pleads guilty compared to what he or she might get if convicted after a trial. On the other hand, any time the trial judge gets involved in the negotiation process, even in a peripheral way, there are risks. One risk is that the defendant after pleading guilty will later seek to withdraw the plea, claiming that the trial court participated in the process in a coercive way. The court of appeals dealt with such

a claim in *State v. Doughman*, 340 N.W.2d 348, 353 (Minn.App.1983), *pet. for rev. denied* (Minn. 1984) ("[E]ven if the trial judge told appellant he would be sentenced to Stillwater if a jury found him guilty, that would not make appellant's plea involuntary"). The other major risk is that if the defendant does not plead guilty but goes to trial and is convicted he or she will claim that the trial judge, by imposing a harsher sentence than that offered for pleading guilty to the same offense, is punishing defendant for exercising the right to have a trial by jury.

The ABA Standards Relating to Guilty Pleas originally took the view that any involvement by trial judges was coercive and should not be allowed, but the current Standards, recognizing the desire of defendants to obtain the sentencing information they need if they are to make an informed decision, allow a limited involvement by trial judges. *See* ABA Standards for Criminal Justice 14–3.3 and Comments thereto (2 ed. 1986).

On the record before us, it is apparent that the trial court was not trying, through defense counsel, to coerce defendant into pleading guilty but simply was trying to insure that defendant received the information he needed.

pressured Kaiser into pleading guilty. In addition, the record itself suggests Kaiser was unusually pressured into pleading guilty rather than being allowed to proceed to trial. Although there may be some prejudice to the state in having to try this case because of the passage of time, the state has not demonstrated that it would be unable to reassemble its witnesses or that the passage of time would diminish the witnesses' effectiveness. We hold the interests of justice require the case be remanded for trial.

■ As we have said on numerous occasions, there are three basic prerequisites to a valid guilty plea: the plea must be (a) accurate, (b) voluntary, and (c) intelligent (that is, knowing and understanding). *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). We are concerned with the voluntariness requirement, which "helps insure that the defendant does not plead guilty because of any improper pressures or inducements." *Brown v. State*, 449 N.W.2d 180, 182 (Minn.1989), citing *Trott, supra.*

■ The record made at the time defendant entered the guilty plea clearly was adequate to support the plea. *Brown, supra* at 182–83. Defendant was free, however, to move, as he did, to withdraw his plea on the ground that withdrawal was necessary to correct a manifest injustice (here that the plea was coerced) or on the ground that there was a "fair and just" reason for his wanting to do so.

These two bases for withdrawal are set forth in Minn.R.Crim.P. 15.05. Under subdivision 1, a defendant, upon timely motion, has a *right* to withdraw his guilty plea at any time, *before or after sentence* if the defendant can establish at the hearing on the motion to withdraw or at the postconviction hearing that withdrawal is necessary to correct a manifest injustice. *Kim, supra* at 266. However, under subdivision 2 a defendant, *in the trial court's discretion,* may be allowed to withdraw his guilty plea only if the defendant has not been sentenced and only if it is "fair and just" to do so. *Id.*

■ Here the defendant alleged that his attorney had coerced him into pleading guilty. The trial court erred in not granting defendant's request to testify at the hearing in support of this claim. *Brown, supra* at 183. Deciding whether or not defendant was coerced by his attorney into pleading guilty required the trial court to make findings of fact and the trial court could not fairly do that without allowing defendant to testify. The court of appeals should have simply remanded to the trial court for an evidentiary hearing (at which defendant could testify), for findings of fact, for a determination of whether the plea was coerced, and, if not coerced, for reconsideration of the motion to withdraw under the "fair and just" standard.

Instead, the court of appeals "to avoid further delay" concluded on the basis of its own review of the record that there was a "fair and just" reason for withdrawal. There are a number of things wrong with the court's decision:

First, the appeals panel decided that defendant was coerced into pleading guilty. If this were true, then a withdrawal is necessary to correct a manifest injustice and defendant had a right to withdraw his plea. But whether or not defendant was coerced cannot be decided without the trial court first making factual findings relating to the alleged coercion. Just because there are conclusory affidavits in the file from defendant and his defense attorney that in their opinion the plea was coerced does not mean that in fact and in law it was.

■ Second, the court of appeals ignored our decision in the *Kim* case and relied on a partially-discredited line of court of appeals' decisions predating *Kim. Kim* clearly states that the defendant has the burden of proving that there is a "fair and just" reason for wanting to withdraw his plea and that the trial court "is to give due consideration not just to the reasons advanced by the defendant but to 'any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.'" 434 N.W.2d at 266. *Kim* rejected the approach of the pre-*Kim* decisions of the court of appeals, which had been say-

ing that the trial courts ought to be liberal and lenient in allowing defendants to withdraw guilty pleas before sentencing. And *Kim* said that the "ultimate decision" of whether to allow withdrawal under the "fair and just" standard is "left to the sound discretion of the trial court, and it will be reversed only in the rare case in which the appellate court can fairly conclude that the trial court abused its discretion." *Id.* In our view, it would be an extremely rare case where we would reverse the trial court's discretionary refusal to allow a withdrawal under the "fair and just" standard where the guilty plea the defendant wants to withdraw is one that was entered in the middle of a rape trial after the complainant had testified and the state had nearly completed its case. Our decision in *Kim*, particularly at pages 266–267, bears on this.

Third, we note that the court of appeals' decision is not necessarily in this defendant's best interests. It is not clear from the record on appeal that defendant's trial attorney, who still is representing him, has advised defendant of all the consequences of withdrawing his plea even if grounds for withdrawal exist. Withdrawal might not be in the defendant's best interests because "[i]f defendant were to obtain permission to withdraw his guilty [plea], he would face trial on the reinstated original [charge]" and, if convicted, face the possibility of 48 (44–52) months in prison. *Brown, supra* at 183 n. 1.

As we suggested earlier, it is not clear that the trial court did not consider the motion under both standards. *Kim* was cited to the trial court and the distinctions made in *Kim* were made clear to the trial court. We need not dwell on this, however, because if defendant decides to pursue his motion to withdraw, then he is entitled to a plenary evidentiary hearing at which he may testify as to the alleged coercion.[3] We add it is questionable whether defendant's

present counsel should represent defendant at such a hearing because he is a potential witness as to his own alleged coercion of defendant.

In summary, we reverse the decision of the court of appeals, reinstate the judgment of conviction, and remand to the trial court for further proceedings consistent with this opinion.

Reversed; judgment of conviction reinstated; remanded to district court for further proceedings.

GARDEBRING, J., took no part in the consideration or decision of this case.

---

3. On the distinction between coercing a client to plead guilty, on the one hand, and reasonably persuading a client to plead guilty, on the other hand, see *Corbitt v. New Jersey,* 439 U.S. 212, 218–19, 99 S.Ct. 492, 497, 58 L.Ed.2d 466 (1978); *Bordenkircher v. Hayes,* 434 U.S. 357, 363–64, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *Brady v. United States,* 397 U.S. 742, 751, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970); ABA Standard Relating to the Defense Function 4–5.1 (2 ed. 1979); J. Bond, *Plea Bargaining and Guilty Pleas* § 4.17 (2 ed. 1983).