*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1827**

State of Minnesota,
Respondent,

vs.

Robert Lee Crisler,
Appellant.

**Filed August 11, 2014
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CR-12-15242

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Sandra H. Johnson, Bloomington City Attorney, Torrie J. Schneider, Assistant City Attorney, Bloomington, Minnesota (for respondent)

Cathyrn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, John Donovan, Certified Student Attorney, St. Paul, Minnesota (for appellant)

        Considered and decided by Cleary, Presiding Judge; Rodenberg, Judge; and

Stoneburner, Judge.<sup>*</sup>

---

<sup>*</sup> Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Robert Lee Crisler appeals from his conviction of gross misdemeanor driving while impaired (DWI) after the district court denied his motion to withdraw his guilty plea before sentencing. We affirm.

## FACTS

At approximately 1:56 a.m. on March 13, 2012, Bloomington Police Officer Tou Vue was on patrol when he observed a stopped vehicle facing south in the designated northbound lanes of Normandale Boulevard. Officer Vue used his public address system to tell the driver to move the vehicle. But the vehicle did not move. Officer Vue then got out of his squad car, walked up to the vehicle and noticed that the driver smelled strongly of alcohol, was drooling, and that his eyes were watery and bloodshot. The driver appeared confused, slurred his speech, and was slow to respond. After Officer Vue identified appellant as the driver, he asked appellant to step out of the vehicle. Appellant stumbled and was not able to maintain his balance without assistance. Officer Vue obtained a preliminary breath test from appellant indicating an alcohol concentration of .19. Appellant stated that he was "drunk" and that he had "drunk too much and too often." Appellant held his chest and appeared to have trouble breathing. Officer Vue called for paramedics, who arrived and transported appellant to a local hospital.

According to the complaint, Officer Vue read appellant the Minnesota Implied Consent Advisory at the hospital, and appellant consented to having his blood drawn. At 3:30 a.m., hospital staff drew a sample of blood that was later tested and showed an

alcohol concentration of .30. Appellant had two qualified prior DWI incidents from December 2, 2002 and September 18, 2006 and he was therefore charged with two counts of second-degree DWI, in violation of Minn. Stat. § 169A.20, subd. 1(1), (5) (2010), one count of second-degree DWI with an alcohol concentration of .20 or more, in violation of Minn. Stat. § 169A.03, subd. 3(2) (2010), and one count of driving after revocation, in violation of Minn. Stat. § 171.24, subd. 2 (2010).

On May 9, 2013, appellant, represented by counsel, pleaded guilty to one count of second-degree DWI with an alcohol concentration greater than .08 within two hours of driving. The state agreed to dismiss the other charges. Appellant's counsel summarized the agreement at the plea hearing as follows: "[Appellant] would be pleading to the gross misdemeanor DWI. There would be no sentence. He would be referred to misdemeanor mental health court. Upon acceptance, they would handle it, and if, for whatever reason, he would be rejected, he would come back to this court for sentencing . . . ." Paragraph 17 of appellant's plea petition reads: "I understand that whether or not I have had a pretrial hearing, I will not be able to object tomorrow or any other time to the evidence the prosecutor has." And at paragraph 28, the plea petition states that appellant is "knowingly, voluntarily, and intelligently" waiving his "[constitutional] right to a pretrial hearing to contest the admissibility at trial of evidence obtained from search or seizure, confessions and/or admissions."

Appellant was referred to misdemeanor mental health court (MMHC) but was not accepted. Consistent with the plea agreement, appellant returned to district court for sentencing.

Appellant moved to withdraw his guilty plea before sentence was imposed. The motion was not based on MMHC having not accepted appellant. Instead, appellant's attorney stated that "[appellant] believes he would like to file a *McNeely*. He feels that the evidence was tainted, and thinks the case should be dismissed."

The district court denied the motion, stating:

> And the motion to withdraw based on *McNeely* is denied. I've been issuing orders in the *McNeely* case, and I know this is some—a test rather than refusal, but I've issued orders in various blood, breath, and urine tests denying the *McNeely* motion. *McNeely* dealt with a driver who, when asked to test, refused to test. And then the police, after the person said, 'no, I'm not going to test,' then the police had the hospital technicians stick a needle in the person's arm and draw blood after they said no.
>
> Unless that's the facts here, my understanding of the facts here are the implied-consent advisory was read, the[re] are arguments about whether it was coercive or not, but the implied-consent advisory was read and [appellant] agreed to submit to chemical testing, which is the law in Minnesota.
>
> So it's my conclusion that *McNeely* does not apply, and the motion to withdraw based on *McNeely* is denied.

The district court then sentenced appellant, and this appeal followed.

## D E C I S I O N

Appellant argues that the district court abused its discretion by not allowing him to withdraw his guilty plea before sentencing. A defendant may be permitted to withdraw a plea before sentencing when "it is fair and just to do so." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989); *see* Minn. R. Crim. P. 15.05, subd. 2. "The [fair-and-just] standard requires district courts to give due consideration to two factors: (1) the reasons a

4

defendant advances to support withdrawal and (2) prejudice granting the motion would cause the [s]tate given reliance on the plea." *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010) (quotation marks omitted). A defendant bears the burden of advancing reasons to support withdrawal. *Id.* at 94. But "defendants may not withdraw their guilty pleas for simply any reason before a sentence is imposed." *State v. Farnsworth*, 738 N.W.2d 364, 372 (Minn. 2007). "[T]he 'ultimate decision' of whether to allow withdrawal under the 'fair and just' standard is 'left to the sound discretion of the [district] court, and it will be reversed only in the rare case in which the appellate court can fairly conclude that the [district] court abused its discretion.'" *State v. Kaiser*, 469 N.W.2d 316, 320 (Minn. 1991) (quoting *Kim*, 434 N.W.2d at 266).

Appellant's motion to withdraw his plea before the district court was based only on his attorney's statement that appellant wished to "file a *McNeely*. He feels that the evidence was tainted, and thinks the case should be dismissed." And on appeal it is clear that appellant did *not* seek to withdraw his plea because he was not admitted to MMHC.[1] Appellant seems to have intended to withdraw his earlier plea with the intention to then separately move to suppress the evidence obtained from the warrantless blood draw.

The United States Supreme Court decided *Missouri v. McNeely* on April 17, 2013, holding that the dissipation of alcohol in the blood does not create a single-factor

---

[1] Appellant's plea petition reads: "I understand that if the court does not approve the agreement [to be referred to MMHC], I have the right to withdraw my plea of guilty and have a trial." But this is not how the plea agreement was characterized on the record at the plea hearing, as appellant's attorney stated that if "[appellant] would be rejected [from MMHC] he would come back to [the district] court for sentencing." In any event, appellant did not contend at the district court, nor does he argue now on appeal, that he has an absolute right to withdraw his plea based on his not being admitted to MMHC.

5

exigency allowing law enforcement to bypass the warrant requirement before obtaining a blood, breath, or urine sample. 133 S. Ct. 1552, 1556 (2013). Appellant pleaded guilty on May 9, 2013, three weeks after the *McNeely* decision was released. Although appellant was not specifically questioned on the record about whether he understood that he was waiving his right to challenge the admissibility of the state's evidence by pleading guilty, appellant's plea petition contains a waiver of the right to make a suppression motion. *See State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980) (noting that a defendant generally waives nonjurisdictional defects by entering a guilty plea, including the right to "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quotation omitted)). Appellant, represented by counsel, had not moved to suppress evidence before pleading guilty, and the record is devoid of any indication that the plea agreement contemplated that appellant was reserving the right to challenge the state's evidence if MMHC did not accept him.

Appellant cites *Farnsworth* in support of the argument that,

> when a defendant moves before sentencing to withdraw a guilty plea based upon the defendant's desire to move to suppress evidence, and the district court bases its ruling on the plea-withdrawal motion upon its ruling on the suppression issue, the issue becomes whether the district court erred in granting or denying the suppression motion.

A close reading of *Farnsworth* does not support this proposed standard of review.

In *Farnsworth*, the defendant pleaded guilty without any challenge to the admissibility of his statements to law enforcement. 738 N.W.2d at 368-69. His attorney had advised him that "there was no *Miranda* violation." *Id.* at 368. The defendant later

moved to withdraw his plea before sentencing, arguing that "he was not informed that grounds may exist to suppress his [prior] statement to [law enforcement]" and that "he was not informed that his statement . . . could be used against him at sentencing." *Id.* at 369. The district court exercised its discretion and held an evidentiary hearing on the plea-withdrawal issue. *Id.* The district court "weighed potential prejudice to the state against [the defendant's] arguments for withdrawal" and "concluded that if the confession was indeed suppressible, it would be fair and just to allow [the defendant] to withdraw his guilty plea." *Id.*

The district court then held a separate hearing regarding the admissibility of the defendant's confession. *Id.* It analyzed the suppression issue and concluded that parts of the defendant's prior admissions to law enforcement were inadmissible. *Id.* at 369-70.

We reversed and remanded for sentencing, concluding that the district court had abused its discretion in permitting the plea withdrawal. *Id.* at 371. The Minnesota Supreme Court affirmed, but based on a different analysis. It concluded that the district court erred in its application of the law to the defendant's suppression motion. *Id.* at 372 ("[W]e must decide whether the court correctly concluded that [the defendant's] confession was inadmissible. If that conclusion was incorrect, then the [district] court *abused its discretion* in permitting the withdrawal of [the defendant's] plea." (emphasis added)). But in so doing, the supreme court held that it is proper, in context, for a district court to hold an evidentiary hearing on the plea-withdrawal issue. *Id.* (citing *Kaiser*, 469 N.W.2d at 319).

7

*Farnsworth* in turn relied on *Kaiser*, 469 N.W.2d at 319, in concluding that it was proper for the district court to hold an evidentiary hearing on the plea-withdrawal motion. *Id.* In *Kaiser*, the defendant moved to withdraw his plea before sentencing, arguing that his attorney had coerced him into pleading guilty, and the district court denied the motion without a hearing. 469 N.W.2d at 318. The supreme court held that it was error for the district court not to hear the defendant's testimony on the issue: "Deciding whether or not defendant was coerced by his attorney into pleading guilty required the [district] court to make findings of fact and the [district] court could not fairly do that without allowing defendant to testify." *Id.* at 319. The supreme court also noted that the issue in that case was whether the plea agreement was voluntary; if a plea agreement is involuntary, a defendant has the *right* to withdraw it at *any* time. *Id.*; *see* Minn. R. Crim. P. 15.05, subd. 1 ("At any time the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice."); *see also Raleigh*, 778 N.W.2d at 94 (noting that it is a manifest injustice if a plea is not knowingly, voluntarily, and intelligently made). We read *Farnsworth* and *Kaiser* to indicate that, in some circumstances, a district court abuses its discretion when it does not hold an evidentiary hearing on a defendant's presentence plea-withdrawal motion. But the circumstances here are unlike those in *Farnsworth* and *Kaiser*.

Appellant argues neither that he was coerced into pleading guilty, nor that he received ineffective assistance of counsel. *See Farnsworth*, 738 N.W.2d at 369 (noting that the district court found that there was some question as to whether the defendant

8

understood he was waiving his right to challenge the admissibility of evidence by pleading guilty); *Kaiser*, 469 N.W.2d at 319 (noting that the issue was whether the defendant had been coerced into pleading guilty by his own attorney). Rather, appellant's sole basis for requesting to withdraw his guilty plea is to enable him to "file a *McNeely*." He had made no suppression motion before his counseled guilty plea and expressly waived in writing his right to contest the admissibility of the state's evidence. *See Lothenbach*, 296 N.W.2d at 857. And there is nothing in the record to indicate that, at the time of his plea, appellant did not understand that he was waiving his right to later challenge the admissibility of evidence.

The scope of a district court's discretion includes whether to hold an evidentiary hearing on a plea-withdrawal motion. *Farnsworth*, 738 N.W.2d at 371. We see no error in the district court's denial of appellant's motion to withdraw his guilty plea in these circumstances. Having waived his right to seek suppression of the state's evidence as part of a plea agreement that called for referral to MMHC, and having not been admitted into that program, the terms of the plea agreement called for appellant to return to the district court for sentencing. The district court acted within its discretion in holding appellant to his plea agreement, which included a waiver of appellant's right to challenge the admissibility of the state's evidence. *See State v. Brunes*, 373 N.W.2d 381, 386 (Minn. App. 1985) (holding that defendant waived his constitutional objection to admissibility of evidence by failing to raise the issue at the omnibus hearing), *review denied* (Minn. Oct. 11, 1985).

9

We note that the district court did not expressly consider whether the state would be prejudiced by plea withdrawal in this case.  *See State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013) ("Although a decision to allow plea withdrawal is discretionary under [Minn. R. Crim. P. 15.05, subd. 2], a district court must apply the standard mandated by the rule when exercising its discretion."), *review denied* (Minn. Dec. 31, 2013).  The district court was not required to consider potential prejudice to the state where appellant did not establish a fair-and-just reason for plea withdrawal.  We conclude that the district court did not abuse its discretion by denying appellant's plea-withdrawal motion.

**Affirmed.**