*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0201**

State of Minnesota,
Respondent,

vs.

Erick Antwan Casey,
Appellant.

**Filed January 5, 2015
Affirmed
Johnson, Judge**

Anoka County District Court
File No. 02-CR-13-776

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Brianne J. Buccicone, Assistant County
Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Johnson, Judge; and

Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Erick Antwan Casey pleaded guilty to third-degree criminal sexual conduct

pursuant to a plea agreement. Before sentencing, he moved to withdraw his plea on the

ground that he felt pressured to plead guilty. The district court denied the motion. We affirm.

**FACTS**

In January 2013, law enforcement received a report that Casey, who then was 28 years old, had sexually assaulted his girlfriend's 13-year-old daughter on multiple occasions. The ensuing investigation corroborated the report.

In February 2013, the state charged Casey with two counts of first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subds. 1(a) and 1(h)(iii) (2012), and one count of third-degree criminal sexual conduct, in violation of Minn. Stat. § 609.344, subd. 1(c) (2012). In July 2013, Casey and his attorney anticipated that he would plead guilty, but he changed his mind, which required his attorney to move for a continuance of the trial.

The case was set for trial in September 2013. On the day before trial was to begin, the district court and the parties resolved various pre-trial matters. On the morning of the first day of trial, Casey initially agreed to plead guilty to third-degree criminal sexual conduct but refused to admit that he used "force or coercion to accomplish the penetration," as required by the particular subdivision of the statute under which he was charged. The parties held an off-the-record discussion in which they renegotiated the plea agreement. When the plea hearing resumed, Casey pleaded guilty to third-degree criminal sexual conduct pursuant to a different statutory provision, which does not require force or coercion but applies if the victim was between the ages 13 and 16 and the defendant was more than 24 months older than the victim. *See* Minn. Stat. § 609.344,

2

subd. 1(b). Casey admitted that he knew that the victim was 13 years old, admitted that he was more than 10 years older than the victim, and admitted that he committed "sexual acts."

In November 2013, before sentencing, Casey moved to withdraw his plea. He argued that he "succumbed to the pressure of the moment" and "felt . . . that he had no other alternative [but] to plead guilty." The district court denied the motion. Casey appeals.

## D E C I S I O N

### I. Motion to Withdraw Guilty Plea

Casey argues that the district court erred by denying his motion to withdraw his guilty plea. He contends that he "was under extreme pressure to plead guilty because of the stress of the trial process and pressure to plead guilty."

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). Rather, a defendant may be entitled to withdraw a guilty plea in only two circumstances. First, the district court must allow a defendant to withdraw a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, the district court may allow a defendant to "withdraw a plea at any time before sentence if it is fair and just to do so." *Id.*, subd. 2. Casey relies on the second of these provisions.

In ruling on a motion brought under the fair-and-just standard, a district court "must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by

3

reason of actions taken in reliance upon the defendant's plea." Minn. R. Crim. P. 15.05, subd. 2. The defendant has the burden of proving that a fair-and-just reason for withdrawal exists, and the state has the burden of proving that prejudice would occur if the plea were withdrawn. *Raleigh*, 778 N.W.2d at 97. "The ultimate decision of whether to allow withdrawal under the fair and just standard is left to the sound discretion of the trial court. . . ." *Butala v. State*, 664 N.W.2d 333, 338 (Minn. 2003) (quotation omitted). On appeal, this court applies an abuse-of-discretion standard of review. *Raleigh*, 778 N.W.2d at 97.

In this case, the district court carefully considered Casey's asserted reasons for withdrawal in light of the procedural history of the case. The district court noted that it ruled on 13 motions *in limine* at the pre-trial conference one day before Casey's plea. The district court recited the history of Casey's refusal to admit force or coercion, the off-the-record discussion that followed, and the state's efforts to renegotiate the plea agreement so that Casey could admit the facts necessary for a determination of guilt. The district court reviewed the lengthy explanation of the rights that Casey thereafter waived when pleading guilty. The district court attributed Casey's motion to mere "buyer's remorse" and concluded that he had not satisfied the fair-and-just standard.

An appellate court will reverse a district court's decision to deny a motion to withdraw under the fair-and-just standard only in a "rare case." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). This is not such a case. Casey's reasons for seeking withdrawal of his plea are far from compelling. The "pressure" that he faced does not appear to be meaningfully different from the situation faced by many other defendants on

4

the day of trial. The transcript of the plea hearing indicates that Casey had deliberated about the matter and wanted to plead guilty. To allow Casey to withdraw his plea would be contrary to the principle that a guilty plea is "a most solemn commitment," *Chapman v. State*, 282 Minn. 13, 16, 162 N.W.2d 698, 700 (1968) (quotation omitted), and would tend to "undermine the integrity of the plea-taking process," *Kim*, 434 N.W.2d at 266. We conclude that the district court did not abuse its discretion in any way by determining that Casey did not present fair-and-just reasons for withdrawing his plea.

Casey contends further that the district court erred because the state did not show that prejudice would arise from withdrawal of the plea. But a showing of prejudice is not required in every case; if a defendant has failed to satisfy his burden of showing fair and just reasons for withdrawing the plea, the state's burden to show prejudice is not triggered. *See Raleigh*, 778 N.W.2d at 98; *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013). Because the district court reasoned that Casey did not satisfy the fair-and-just standard, it was unnecessary for the district court to consider the issue of prejudice. Even if we were to consider the issue of prejudice, we would have no difficulty concluding that requiring the state to prepare for trial yet again, with a minor victim as its primary witness, would satisfy the prejudice requirement. *See State v. Kaiser*, 469 N.W.2d 316, 320 (Minn. 1991); *Kim*, 434 N.W.2d at 267.

Casey also contends that he did not intelligently enter his plea because the plea petition states that he was charged with third-degree criminal sexual conduct with a maximum of 15 years even though he faced two additional charges of first-degree

5

criminal sexual conduct that were dismissed. Casey did not present this argument to the district court in his motion to withdraw, but a defendant is permitted to challenge the validity of a guilty plea on direct appeal without having made a motion to withdraw. *See State v. Iverson*, 604 N.W.2d 346, 350 (Minn. 2003); *see also Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). It is unclear whether Casey is asserting this contention under the fair-and-just standard or a manifest-injustice standard. We assume that the manifest-injustice standard applies. *See State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007).

To be valid, a guilty plea "must be accurate, voluntary, and intelligent." *State v. Farnsworth*, 738 N.W.2d 364, 372 (Minn. 2007). The intelligence requirement is designed to ensure "that the defendant understands the charges, his or her rights under the law, and the consequences of pleading guilty." *State v. Wukawitz*, 662 N.W.2d 517, 522 (Minn. 2003) (quotation omitted). The record shows that Casey understood that he was charged with two counts of first-degree criminal sexual conduct because the district court reviewed the pending charges one day earlier at the pre-trial conference. Thus, Casey cannot establish that he did not intelligently enter his plea.

In sum, the district court did not err by denying Casey's motion to withdraw his guilty plea, and Casey has not shown that he is entitled to plea withdrawal on appeal.

## II. *Pro Se* Arguments

Casey filed a one-page *pro se* supplemental brief in which he makes three arguments.

First, Casey argues that the district court lacked subject matter jurisdiction because the complaint referred to some events that occurred in Wisconsin. A Minnesota district court has jurisdiction over a criminal case if the defendant has "commit[ted] an offense in whole or in part within this state." Minn. Stat. § 609.025(1) (2012); *see also Sykes v. State*, 578 N.W.2d 807, 811 (Minn. App. 1998), *review denied* (Minn. July 16, 1998). In this case, the complaint alleged that Casey engaged in criminal sexual conduct in Anoka County, Minnesota. The complaint also referred to incidents that occurred in Wisconsin, when Casey's girlfriend, the victim, and Casey lived there together, but the prosecution plainly was based on incidents that occurred in Minnesota. Thus, the district court had jurisdiction over the prosecution.

Second, Casey argues that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that (1) his attorney's performance "fell below an objective standard of reasonableness" and (2) there is a reasonable probability that "the result of the proceeding would have been different" but for the attorney's error. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984). In a case resolved by a guilty plea, a defendant "must show with reasonable probability that but for the alleged errors of his counsel, he would not have pleaded guilty." *State v. Ecker*, 524 N.W.2d 712, 718 (Minn. 1994) (quotation marks omitted). Casey's only argument as to why his attorney was ineffective is that "[c]ertain legal issues were brought to counsel's attention numerous . . . times and they were disregarded." He does not provide the specifics that are necessary to establish that his attorney's performance fell below an objective standard of reasonableness, and he

7

does not attempt to show that, but for the alleged ineffective assistance, he would not have pleaded guilty. Thus, Casey cannot establish ineffective assistance of counsel.

Third, Casey argues that the district court erred because it awarded restitution even though a restitution award was not part of the plea agreement. It is unclear whether Casey asserts this error to obtain an opportunity to withdraw his plea or a modification of his sentence. In any event, the argument is without merit. As the state points out, paragraph 20(a) of the plea petition indicates that Casey's guilty plea will result in an award of restitution, among other things. Thus, the district court did not err by awarding restitution.

**Affirmed.**