*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1346**

State of Minnesota,
Respondent,

vs.

Christopher Timothy Poorker,
Appellant.

**Filed March 28, 2016
Affirmed
Larkin, Judge**

Mille Lacs County District Court
File No. 48-CR-14-855

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Joe Walsh, Mille Lacs County Attorney, Milaca, Minnesota (for respondent)

Ethan J. Allen, Law Office of Ethan J. Allen, P.A., Milaca, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant challenges the validity of his guilty plea to fourth-degree criminal sexual conduct, arguing that he should be allowed to withdraw his plea because the district court

sentenced him in violation of his plea agreement and that the district court abused its discretion by denying his request for an evidentiary hearing regarding plea withdrawal. We affirm.

**FACTS**

In May 2014, respondent State of Minnesota charged appellant Christopher Timothy Poorker with third- and fourth-degree criminal sexual conduct. The district court appointed a public defender to represent Poorker. At a hearing in January 2015, Poorker and the prosecutor informed the district court that they had reached an agreement under which Poorker would plead guilty to fourth-degree criminal sexual conduct. Poorker's attorney stated the details of the agreement on the record as follows:

> There would be an agreement that Mr. Poorker would serve 90 days on electronic home monitoring [(EHM)], that there would be a joint recommendation for a stay of adjudication on the charge, that—I don't think there's an agreement or a position with regard to costs. I think the State is free to request costs. There would be a 10-year probationary period, and I'm sure I'm missing something but—if I could have just a moment, your Honor? I have to recover the petition that's in the back room.

After Poorker's attorney returned to the courtroom, he offered Poorker's plea petition, which the district court received. A hand-written notation in the section of the petition regarding the plea agreement stated, "90 EHM or jail/violation result 30 days." Poorker's attorney also submitted a document entitled "SETTLEMENT OFFER/PLEA AGREEMENT (Appendix 'A' to Plea Petition)," and the district court accepted it "as a supplement to the plea petition." The plea-agreement document indicates that the plea agreement called for Poorker to serve either 30 days in jail or 90 days on EHM.

2

In May 2015, a private attorney replaced Poorker's public defender and requested that the district court continue Poorker's sentencing hearing because the attorney had just been retained and wanted time to review the case. The district court denied the request, noting that the presentence investigation and evaluations were complete. On May 19, the day before Poorker's sentencing hearing, Poorker filed a "Motion to Withdraw Defendant's Guilty Plea." In the "Notice of Motion" section, Poorker stated: "Please take notice that as soon as transcripts can be obtained and an evidentiary hearing may be scheduled . . . , counsel for [Poorker] will bring the following motion to withdraw [his] guilty plea." In the "Motion" section, Poorker argued that his plea was not voluntary or intelligent. Poorker requested "that the Court schedule an evidentiary hearing, so that [he] may present evidence to support his position that he be allowed to withdraw his plea."

The district court was not aware of Poorker's motion until after the sentencing hearing began. Once Poorker's attorney referred to the motion, the district court and the attorneys had an off-record discussion. After returning to the record, the district court stated that Poorker's motion was "basically . . . a request for a continuance for an evidentiary hearing on the issue of whether or not the Court should allow Mr. Poorker to withdraw his guilty plea [under] both standards that are allowed pursuant to the statute." Poorker's attorney explained:

> I was just retained on this file so I haven't had a lot of time. . . .
> If the Court were to consider continuing this case, what I would
> do is go and get those transcripts and look and see exactly what
> did or didn't happen. I'm sitting in a position where I'm
> making arguments based on what I believe to be potentially the
> case and whether or not this was a free and voluntary
> understanding on my client's part.

3

The district court denied the request to continue the sentencing hearing. As to sentencing, Poorker's attorney stated:

> I don't know what the specific terms of the plea agreement were. . . . I do believe there was an option to do electronic home monitoring instead of a jail sanction. I would ask the Court to give my client some time to get that set up. What . . . I'm going to ask the Court to do is stay any sentence that the Court imposes to allow us the option to look into whether or not this is something that we want to appeal. So that being said, I would ask the Court to give my client some time assuming that EHM is an option, which I thought it was. To have that set up, I would ask for 30 days.

The district court asked the prosecutor about EHM, and the prosecutor stated that "the plea agreement was 30 days jail or 90 days electronic home monitor[ing] to be determined at sentencing." The prosecutor also said that the decision between jail and EHM was left open and that choosing either one would not breach the plea agreement. The district court ordered Poorker to serve 30 days in jail and stayed adjudication for ten years.

After the sentencing hearing, Poorker's attorney wrote a letter to the district court asking it "to allow Mr. Poorker the option to complete jail or [EHM]." Poorker's attorney stated: "My understanding of the plea agreement was that Mr. Poorker had the option to complete 30 days of jail or complete 90 days of Electronic Home Monitoring." The district court denied the request, explaining: "This was addressed at the sentencing hearing. Either 30 days in jail or 90 EHM and if court decided on one versus the other it would not be a violation of the plea agreement." This appeal followed.

**D E C I S I O N**

**I.**

4

Poorker contends that he should be allowed to withdraw his guilty plea because the district court sentenced him in violation of the plea agreement. Poorker argues that the district court violated the plea agreement by sentencing him to serve 30 days in jail instead of 90 days on EHM. If a plea agreement is breached, the defendant's guilty plea is invalid and "the court may allow withdrawal of the plea, order specific performance, or alter the sentence if appropriate." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000). To determine whether a plea agreement was violated, "courts look to what the parties to the plea bargain reasonably understood to be the terms of the agreement." *Id.* (quotation omitted). "What the parties agreed to involves an issue of fact to be resolved by the district court." *Id.* "Issues involving the interpretation and enforcement of plea agreements, however, are issues of law that [appellate courts] review de novo." *Id.*

As to the disputed plea-agreement term, the district court found that the agreement was for "[e]ither 30 days in jail or 90 EHM and if court decided on one versus the other it would not be a violation of the plea agreement." The record supports that finding. Although Poorker's public defender stated at the plea hearing that Poorker "would serve 90 days on electronic home monitoring" under the plea agreement, the attorney also said, "I'm sure I'm missing something," and asked to retrieve the plea petition. Then, he submitted the plea petition, which includes a handwritten notation indicating that the agreement was "90 EHM or jail/violation result 30 days." The attorney also submitted a plea-agreement document that contains handwritten notes indicating that the agreement was for Poorker to serve 30 days in jail or 90 days on EHM. These documents, which were made part of the record at the plea hearing, supplemented Poorker's attorney's recitation

of the terms of the plea agreement and support the district court's finding that the parties agreed that Poorker would either serve 30 days in jail or 90 days on EHM.[1] The district court therefore did not violate the plea agreement by sentencing Poorker to serve 30 days in jail, and Poorker is not entitled to plea withdrawal on that ground.

## II.

Poorker also contends that the district court abused its discretion by denying his request for an evidentiary hearing regarding his motion to withdraw his guilty plea. Poorker's motion states that he *would bring* a plea-withdrawal motion "as soon as transcripts can be obtained and an evidentiary hearing may be scheduled." The district court described the motion as "a request for a continuance." Statements by Poorker's attorney are consistent with that description. He told the district court: "[M]y plan would be—if the Court were to grant my continuance[—] . . . to request transcripts going back to the very first hearing and see what, if any, issues there are." The attorney further stated: "I simply am in a situation where I can make some arguments based on what I believe my concerns are, but without getting a continuance so I can look at it further, it's very, very hard for me to argue." The attorney explained that he was requesting a continuance "so we would have an opportunity to explore more [of] our options at this point because I just don't feel like I really can present argument to the Court today based on the information I

---

[1] We encourage parties in a criminal case to carefully make a record regarding the precise terms of any plea agreement. Such practice will help avoid factual disputes regarding what the parties agreed to.

have." Poorker's attorney also suggested, "[T]he State may be a hundred percent right[.] . . . I just have no idea."

The record demonstrates Poorker's request for plea withdrawal was equivocal at best. What he actually sought was a continuance so he could investigate whether there was a basis to move for plea withdrawal. For that reason, the cases on which he relies, *State v. Farnsworth*, 738 N.W.2d 364 (Minn. 2007) and *State v. Kaiser*, 469 N.W.2d 316 (Minn. 1991), are distinguishable. In *Farnsworth*, the supreme court concluded that "it was proper for the district court to hold a hearing to determine whether a fair and just reason existed" to support the defendant's presentencing motion to withdraw his plea. 738 N.W.2d at 366, 372. Similarly, in *Kaiser*, the supreme court concluded that the district court erred by not granting the defendant's request to testify at an evidentiary hearing in support of his presentencing motion to withdraw his plea. 469 N.W.2d at 319. In those cases, a motion to withdraw a plea was actually pending before the district court. *See Farnsworth*, 738 N.W.2d at 366; *Kaiser*, 469 N.W.2d at 319. In this case, Poorker merely notified the district court that he would likely move for plea withdrawal in the future.

We therefore construe the district court's ruling as a denial of a request to continue Poorker's sentencing hearing, instead of a denial of a request for an evidentiary hearing on Poorker's future plea-withdrawal motion. A decision whether to grant a continuance "is vested in the sound discretion of the trial court." *State v. Bates*, 507 N.W.2d 847, 851 (Minn. App. 1993), *review denied* (Minn. Dec. 27, 1993). The decision "should be based on all facts and circumstances surrounding the request [for a continuance]." *State v. Vance*, 254 N.W.2d 353, 358 (Minn. 1977). On appeal, a defendant who sought a continuance

7

"must show that he was prejudiced to justify reversal." *In re Welfare of T.D.F.*, 258 N.W.2d 774, 775 (Minn. 1977).

The district court denied Poorker's continuance request for several reasons. First, the district court noted that the motion was filed one day before sentencing. Second, the district court stated that granting the request would prejudice the state, because the case had been active for a long time and a competency evaluation, a presentence investigation, and a psychosexual evaluation had already been completed. Third, the district court explained: "There are other avenues in which to argue ineffective assistance of counsel. I'm not going to be the appellate court within a district court on those particular issues."

The district court's third reason recognizes that Poorker could have challenged the validity of his plea after sentencing in a postconviction proceeding. *See* Minn. Stat. § 590.01, subd. 1 (2014) (permitting postconviction petitions for claims that "the conviction obtained or the sentence . . . made violated the person's rights under the Constitution or laws of the United States or of the state"); *Lussier v. State*, 821 N.W.2d 581, 583 (Minn. 2012) (stating that "[a] motion to withdraw a guilty plea made after sentencing must be raised in a petition for postconviction relief"). We recognize that different standards apply to pre- and post-sentence requests for plea withdrawal. *See* Minn. R. Crim. P. 15.05 (setting forth the manifest-injustice and fair-and-just standards for plea withdrawal). But given Poorker's admitted uncertainty regarding the potential basis for plea withdrawal, we cannot say that the district court abused its discretion by refusing to continue the sentencing hearing while Poorker's attorney explored potential grounds for plea withdrawal.

8

**Affirmed.**