*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2014**

State of Minnesota,
Respondent,

vs.

Samuel Wayne Behrens, Jr.,
Appellant.

**Filed September 15, 2014
Affirmed
Willis, Judge**[*]

Benton County District Court
File No. 05-CR-13-594

Lori Swanson, Attorney General, St. Paul, Minnesota;

Philip K. Miller, Benton County Attorney, Foley, Minnesota; and Scott A. Hersey, Special Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Willis, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WILLIS**, Judge

Appellant Samuel Wayne Behrens, Jr. challenges the district court's denial of his motion to withdraw his plea of guilty to a charge of second-degree criminal sexual conduct, arguing that his plea was not accurate, voluntary, or intelligent. We affirm.

**FACTS**

On April 8, 2013, respondent State of Minnesota charged Behrens with first- and second-degree criminal sexual conduct after R.M.D., a four-year-old child, reported to authorities that Behrens had sexually abused her.

On May 30, Behrens entered an *Alford* plea to second-degree criminal sexual conduct in exchange for dismissal of the charge of first-degree criminal sexual conduct and a sentence of 36 months, stayed, with supervised probation for 25 years. Behrens also was required to register as a sex offender. Behrens signed a plea petition acknowledging that he was represented by counsel, that he had sufficient time to discuss the case and any possible defenses to the charges with his attorney, and that he was satisfied that his attorney had represented his interests and fully advised him. Behrens also waived his trial rights.

At the plea hearing, defense counsel questioned Behrens about his understanding of the plea petition, and Behrens agreed that they had thoroughly reviewed the petition. When defense counsel noted that Behrens had stated in the plea petition that he had a history of mental-health issues and asked Behrens what those issues were, Behrens replied that he had attention-deficit disorder (ADD). Behrens stated that it did not affect

2

his ability to understand or to participate in the hearing and that his mind was "free and clear." Behrens also testified that he was not then taking any medications.

Defense counsel also questioned Behrens about his understanding of the charge and the evidence against him. Behrens stated that he had read the complaint and understood the charge that he was pleading guilty to, and he admitted that he had had contact with R.M.D. Defense counsel also asked Behrens:

> [Q:] And having read through the police reports and the statements and also having discussed those matters with me, is it fair to say and true that you believe that there is a substantial likelihood that if you did proceed to trial on both counts in the [c]omplaint that the jury could and probably would find you guilty based on the evidence assuming [R.M.D.] did testify consistently with her statements?
> [A:] Correct.
> [Q:] And based upon that is it your desire then to plead guilty and take advantage of the [p]lea [a]greement in this case?
> [A:] Yes.

The state requested that the district court admit a narrative police report to support the *Alford* plea, and Behrens did not object. The district court accepted the police report, took judicial notice of the allegations in the complaint, and found that there was an adequate factual basis to accept Behrens's *Alford* plea.

Before sentencing, Behrens moved to withdraw his guilty plea on the ground that his plea was not voluntary because he accepted the plea agreement only to get medical treatment for his ADD and anxiety. At the sentencing hearing, the district court denied Behrens's motion and noted on the record that Behrens displayed the same demeanor at the sentencing hearing that he had at the plea hearing. The district court also stated that it

doubted Behrens's credibility because the examiners who conducted the psychosexual assessment and presentence investigation found him to be untruthful in his responses.

In accordance with Behrens's plea agreement, the district court stayed imposition of a 36-month sentence, placed him under supervised probation for 25 years, and ordered him to register as a sex offender. This appeal follows.

## D E C I S I O N

**I.      It Is Not Necessary to Allow Behrens to Withdraw His Guilty Plea to Correct a Manifest Injustice.**

The validity of a guilty plea is a question of law, which this court reviews de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Minn. R. Crim. P. 15.01, subd. 1, states in relevant part that "[t]he court must allow a defendant to withdraw a plea of guilty upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." A guilty plea is invalid and manifestly unjust if it is not accurate, voluntary, and intelligent. *Raleigh*, 778 N.W.2d at 93-94.

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). A defendant who enters an *Alford* plea maintains his innocence but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction. *Id.* (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970)); *see also State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977) (recognizing *Alford* pleas in Minnesota). Behrens challenges only the accuracy of his guilty plea. The accuracy requirement protects the "defendant from pleading guilty to a more serious

4

offense than he could be convicted of were he to insist on his right to trial." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). "[C]areful scrutiny of the factual basis for the plea is necessary within the context of an *Alford* plea because of the inherent conflict in pleading guilty while maintaining innocence." *State v. Theis*, 742 N.W.2d 643, 648-49 (Minn. 2007).

In *Theis*, the Minnesota Supreme Court held that the district court erred by accepting the defendant's *Alford* plea to a charge of fifth-degree criminal sexual conduct because the defendant did "not address any of the facts regarding the underlying criminal conduct" at the plea hearing and acknowledged only that "there was a mere 'risk' that he would be found guilty of the crime to which he was pleading guilty." *Id.* at 650. The record also contained no other basis on which the district court could conclude that the evidence supporting the allegations would lead a jury to convict the defendant for the offense, in light of his claim of innocence. *Id.*

The supreme court observed that an *Alford* plea satisfies constitutional requirements when "the [s]tate demonstrate[s] a strong factual basis for the plea and the defendant clearly expresse[s] his desire to enter the plea based on his belief that the [s]tate's evidence would be sufficient to convict him [beyond a reasonable doubt]." *Id.* at 647 (quotation omitted). The "better practice" for establishing an adequate factual basis for an *Alford* plea is "based on evidence discussed with the defendant on the record at the plea hearing." *Id.* at 649. This discussion may occur through interrogations of the defendant about the underlying conduct, introduction of witness statements or abbreviated witness testimony, or a stipulation to the facts. *Id.*

Behrens argues that his *Alford* plea was not accurate because the district court did not discuss with him at the plea hearing how the state's evidence satisfied each statutory element of the offense to which he offered the *Alford* plea. We disagree. Here, Behrens not only acknowledged on the record that he had reviewed and discussed with his attorney the state's evidence that would be introduced at trial, but he failed to object to the state's submission of a narrative police report to the district court to support the *Alford* plea. The plea process conformed to the "better practice" described in *Theis* because Behrens stipulated on the record to facts in the police report regarding the underlying conduct. *See id.* Moreover, an adequate factual basis is established by the full record, which also includes the allegations of the complaint, of which the district court took judicial notice. *See Trott*, 338 N.W.2d at 252.

Both the complaint and police report recite facts that, if supported by evidence at trial, satisfy the elements of second-degree criminal sexual conduct. A person commits second-degree criminal sexual conduct by engaging in sexual contact with another person when the victim is under 13 years of age and the actor is more than 36 months older than the victim. Minn. Stat. § 609.343, subd. 1(a) (2012). The complaint alleges that R.M.D. was four years old and Behrens was 22 years old when the offense occurred. The police report summarizes witness statements that show there was sufficient evidence for a jury to find that Behrens sexually abused R.M.D. The report describes detailed statements that R.M.D. gave to a police officer and to her daycare provider, in which she reported that Behrens removed her clothing, touched her breasts and vagina, put his fingers in her

6

vagina, and put his penis in her mouth. These statements provide a sufficient factual basis to support the *Alford* plea.

Despite Behrens's claim of innocence, he acknowledged that, based on the allegations of the complaint and the statements in the police reports, there was a substantial likelihood that evidence at trial would support a finding of guilty on both counts. Coupling Behrens's acknowledgement with the strong factual basis for his plea, the district court was able to conclude independently that there was a strong probability that Behrens would be found guilty of second-degree criminal sexual conduct, despite his claim of innocence. *See Theis*, 742 N.W.2d at 649. Thus, the district court did not err in concluding that Behrens's plea was accurate.

## II. It Is Not Necessary to Allow Behrens to Withdraw His Guilty Plea Under the Fair-and-Just Standard.

A district court may grant a defendant's motion to withdraw a guilty plea before sentencing "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. "The 'fair and just' standard requires district courts to give 'due consideration' to two factors: (1) the reasons a defendant advances to support withdrawal and (2) prejudice granting the motion would cause the [s]tate given reliance on the plea." *Raleigh*, 778 N.W.2d at 97. A defendant bears the burden of advancing reasons to support withdrawal. *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). Appellate courts review a district court's decision to deny a withdrawal motion for an abuse of discretion and reverse only in the "rare case." *Id.*

No defendant may plead guilty to a crime if he is incompetent to stand trial because of mental illness. Minn. Stat. § 611.026 (2012). "[I]n addition to evidence of irrational behavior, any prior medical opinion on competence and the defendant's demeanor also are relevant when a court determines whether there is a reason to doubt a defendant's competence." *Bonga v. State*, 797 N.W.2d 712, 720 (Minn. 2011).

Behrens argues that his *Alford* plea was involuntary because he pleaded guilty only to get medical treatment for his ADD and anxiety. Behrens claims that his depression and anxiety worsened while he was in custody and that the jail staff believed that he was suicidal, but they offered no mental-health medication or counseling. In support of his claims, Behrens points out that the psychosexual assessment concluded that he suffered from a personality disorder, his ability to process information was significantly below average, and his mental health was precarious.

We conclude that Behrens failed to provide a valid reason why withdrawal of his plea would be "fair and just." *See Raleigh*, 778 N.W.2d at 97. Behrens's claims are contradicted by the fact that he asserted at the plea hearing that his ADD diagnosis did not affect his ability to understand or participate in the hearing, that his mind was "free and clear," and that he was not then taking any medications. *See State v. Lopez*, 379 N.W.2d 633, 638 (Minn. App. 1986) (affirming denial of a motion to withdraw a plea based in part on the district court's credibility determination that the defendant was adequately informed of his rights, despite the defendant's contradictory statements made at the plea hearing and the plea-withdrawal hearing), *review denied* (Minn. Feb. 14, 1986). The fact that neither party requested that Behrens undergo a rule 20 examination

8

also supports the district court's finding that he was mentally competent at the plea hearing. *See Bonga*, 797 N.W.2d at 718. Because the district court concluded that Behrens failed to advance a credible reason to support withdrawal of his plea, it was not required to consider whether the state would be prejudiced. *See Raleigh*, 778 N.W.2d at 98.

This court will not consider Behrens's claim that his lack of experience with Minnesota courts rendered his plea to be unintelligent and therefore invalid because he failed to raise this claim before the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that generally an appellate court will not consider matters not argued to and considered by the district court). We conclude that the district court did not abuse its discretion by denying Behrens's motion to withdraw his *Alford* plea.

**Affirmed.**