**Joon Kyu KIM, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C6–88–277.**

Supreme Court of Minnesota.

Jan. 13, 1989.

Rehearing Denied Jan. 30, 1989.

Peter Thompson, Robert D. Sicole, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., and Steven C. DeCoster, Asst. Ramsey County Atty., St. Paul, for respondent.

COYNE, Justice.

In *Kim v. State*, 426 N.W.2d 487 (Minn. App.1988), the court of appeals reversed an order of the district court denying defendant, Joon Kyu Kim, post-conviction relief from a sexual assault conviction based on a guilty plea. The court of appeals ruled that denial of defendant's motion to withdraw his guilty plea, made before sentence was imposed, constituted an abuse of discretion. We reverse the court of appeals and reinstate the judgment of conviction and the order denying post-conviction relief.

In 1984, at the time of the offense to which he pleaded guilty, defendant was an officer of the Bemis Corporation specializing in international taxation. He also owned an apartment complex in St. Paul. The victim, D.H., was the wife of the caretaker. She alleged that defendant forcibly penetrated her, gave her $20, told her that the next time it would be $30, and warned her against talking to the police. Questioned by the police, defendant denied having had sexual intercourse with D.H., claiming instead that she made the complaint to get revenge for being fired.

The state charged defendant with two felonies, criminal sexual conduct in the third and fourth degrees, Minn.Stat. §§ 609.344, subd. 1(c) and 609.345, subd. 1(c) (Supp.1987) (accomplishing sexual penetration/contact by use of force or coercion). The case was initially before the court of appeals and then this court on a pre-trial appeal dealing with the admissibility of expert testimony concerning blood test results linking defendant to semen found at the scene of the alleged rape. *See State v. Kim*, 374 N.W.2d 814 (Minn.App. 1985), *aff'd*, 398 N.W.2d 544 (Minn.1987).

On remand the case came on for trial on June 16, 1987. After two jurors were selected the prosecutor and defense counsel reached an agreement that if defendant would plead guilty to the lesser of the two charges he would receive a gross misdemeanor sentence, meaning that under Minn.Stat. § 609.13, subd. 1 (1986), the felony conviction would be deemed to be a gross misdemeanor conviction. Defendant accepted the agreement, signed a formal petition to plead guilty, and orally entered his plea in open court. The prosecutor and defense counsel questioned defendant thoroughly about his knowledge of the rights he was waiving, the voluntariness of the plea, and his understanding that if the trial court did not agree that gross misdemeanor sentencing was appropriate, the plea would be vacated and the matter reinstated for trial. Defendant expressly admitted under oath that he forcibly penetrated D.H. as she claimed. The trial court asked defendant if he wanted the court to accept the plea, defendant said "Yes," and the trial court said, "Very well" and set the case for sentencing on July 29 following the sentence investigation.

It appears that when Bemis' corporate counsel learned of the plea he told defendant he would have to resign his job as an officer because, despite Minn.Stat. § 609.13, under which a felony conviction is deemed to be a gross misdemeanor conviction, he had been convicted of a felony charge. Although defendant resigned, he was immediately given a permanent consulting contract with Bemis. According to a company employee to whom the probation agent talked, defendant in this capacity continued to work at Bemis headquarters on a daily basis as before. De-

fendant also continued to operate his other businesses.

At defendant's request, on July 21 defense counsel moved the trial court for permission to withdraw the plea because defendant had mistakenly believed that if he was convicted of a gross misdemeanor he would not have to resign his position as an officer. The trial court denied the motion on August 5. On the new date for sentencing, September 9, defendant again moved to withdraw his guilty plea on the ground that the version of the offense that he gave to the probation agent as part of the pre-sentence investigation was inconsistent with his testimony when he pleaded guilty. Defendant also asked the court to reconsider the denial of his earlier motion. The trial court denied both the motion to withdraw and the motion to reconsider. The trial court then sentenced defendant to one year in the workhouse and a $3,000 fine but stayed 6 months of the workhouse term and said that he was amenable to placing defendant on work release as soon as defendant had completed an intake interview. The trial court rejected a plea for greater leniency in part because of a letter he received from the victim recounting the adverse effects of the rape and the resulting proceedings on her emotional state, her marriage, and her economic status.

In the post-conviction proceeding defendant, represented by a new attorney, again raised the issues raised by his earlier motions and also argued that he should be allowed to withdraw the plea because his trial counsel gave him erroneous legal advice concerning the collateral consequences of his plea. Defendant testified at the post-conviction hearing that he was innocent and that his admission of guilt when he entered his plea was false. He also testified that he had told his trial counsel that he would lose his job and possibly his CPA license if he was convicted of a felony but that counsel had assured him that a gross misdemeanor conviction would be viewed the same as a misdemeanor conviction. By affidavit defendant's trial counsel, who stated he was recuperating from eye surgery, denied that he ever advised defendant to accept the plea agreement and denied telling him that there would not be any collateral consequences as a result of a gross misdemeanor conviction. He said further that when he was talking over the issue of the consequences of the plea he urged defendant to ask the company's lawyer if the company would consider a gross misdemeanor conviction the same as a felony conviction and that defendant said he did not need to do that.

In denying post-conviction relief the court credited the affidavit of defendant's trial counsel. The court reasoned that the plea was properly accepted, that defendant got what he bargained for, and that it would not have been fair and just to allow defendant to withdraw the plea but indeed would have been prejudicial both to the state, which had released all its witnesses from their subpoenas, and to the victim.

The court of appeals reversed, saying *inter alia* (a) that "Courts look with particular favor on a motion to withdraw a guilty plea made within a short time after plea," (b) that courts "should generally be lenient in allowing withdrawal of a plea before sentencing," and (c) that

> Given the leniency with which the trial court is to approach a motion to withdraw a guilty plea before sentencing, the fact that the trial court was aware of this motion several weeks before the pre-sentence investigation and sentencing, and the minimal prejudice the state has alleged would result if the court granted the plea, the trial court should have granted Kim's motion to withdraw his guilty plea.

*Kim v. State*, 426 N.W.2d 487, 490 (Minn. App.1988).

Minn.R.Crim.P. 15.05 sets out the bases for withdrawal of a guilty plea:

> Subd. 1. To Correct Manifest Injustice. The court shall allow a defendant to withdraw his plea of guilty upon a timely motion and prove to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice. Such a motion is not barred solely because it is made after sentence. If a defendant is allowed to withdraw his plea

after sentence, the court shall set aside the judgment and the plea.

Subd. 2. Before Sentence. In its discretion the court may also allow the defendant to withdraw his plea at any time before sentence if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Subd. 3. Withdrawal of Guilty Plea Without Asserting Innocence. The defendant may move to withdraw his plea of guilty without asserting that he is not guilty of the charge to which the plea was entered.

Subdivision 1 gives a defendant, upon timely motion, a right to withdraw his guilty plea at any time, before or after sentence, if he can prove that withdrawal is necessary to correct a manifest injustice. On the other hand, under subdivision 2 a defendant, in the discretion of the trial court, may be allowed to withdraw his guilty plea only if the defendant has not been sentenced and only "if it is fair and just to do so." The rule is modeled after Fed.R.Crim. P. 32(d) and III A.B.A. *Standards for Criminal Justice* std. 14–2.1(a) (2d ed. 1980).

■ Defendant clearly did not establish that withdrawal was necessary to correct a manifest injustice. He therefore had no right to withdraw under Minn.R.Crim.P. 15.05, subd. 1.

■ There remains the question whether defendant should have been allowed to withdraw pursuant to Rule 15.05, subdivision 2. Defendant's burden under this subdivision was to prove that there is a "fair and just" reason for wanting to withdraw his plea. In determining whether the defendant's reason is "fair and just," the trial court is to give due consideration not just to the reasons advanced by the defendant but to "any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." Underlying the rule is the notion that giving a defendant an abso-

lute right to withdraw a plea before sentence would undermine the integrity of the plea-taking process. *United States v. Ellison*, 798 F.2d 1102, 1106 (7th Cir.1986), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987). If a guilty plea can be withdrawn for any reason or without good reason at any time before sentence is imposed, " 'then the process of accepting guilty pleas would simply be a means of continuing the trial to some indefinite date in the future when the defendant might see fit to come in and make a motion to withdraw his plea.' " *United States v. Suter*, 755 F.2d 523, 526 (7th Cir.), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985) (quoting and approving of district court's reasoning). *Accord United States v. Thompson*, 680 F.2d 1145, 1150 (7th Cir.), *cert. denied sub nom. Williams v. United States*, 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982), *cert. denied* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). The ultimate decision is left to the sound discretion of the trial court, and it will be reversed only in the rare case in which the appellate court can fairly conclude that the trial court abused its discretion.

■ We conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw. This was not a case of a defendant seeking to withdraw on the basis of a mutual mistake by the parties of a material fact bearing on sentencing. *See State v. DeZeler*, 427 N.W.2d 231 (Minn.1988) (holding that trial court erred in denying pre-sentence motion to withdraw guilty plea based on mutual mistake as to what defendant's criminal history score was and on parties' erroneous assumption that the presumptive sentence was a stayed sentence). Rather, the defendant sought to withdraw on the ground that he did not realize the collateral consequences of his guilty plea. Since the post-conviction court did not clearly err in crediting the affidavit of defendant's trial counsel, any mistaken impression defendant may have had concerning the collateral consequences of his plea cannot be considered the result of ineffective representation by his trial counsel, but rather defendant's

own failure to heed counsel's advice to check with corporate counsel concerning the effect of the plea on his job before accepting the plea agreement. Furthermore, when defendant pleaded guilty, the state released the 26 witnesses it had summoned by subpoena. Finally, the trial court was not unjustified in considering the interests of the victim. Balancing all of the relevant factors, the trial court concluded that defendant did not demonstrate a fair and just reason to withdraw his plea. Our role is limited to determining whether the trial court abused its discretion in so concluding, and we hold that it did not.

In his reply brief to the court of appeals defendant for the first time asserted that he had a right to withdraw his guilty plea prior to the imposition of sentence because the court had not yet accepted his plea. Although we do not ordinarily consider issues which were not raised before the trial court, we note that this plea agreement did not merely incorporate the prosecutor's promise to recommend a certain sentence. It was an agreement for a gross misdemeanor sentence; the sentence was an essential element of the agreement. *See* *State v. DeZeler*, 427 N.W.2d 231, 234 (Minn.1988) (differentiating between agreements as to sentence and agreements by which prosecutors will recommend a certain sentence). Defendant concedes that the trial court made it clear that defendant could withdraw the plea if, after reviewing the pre-sentence investigation, the court concluded that a gross misdemeanor sentence was inappropriate. We are satisfied from our review of the record that the trial court accepted defendant's plea at the time of the entry, subject to the condition that if the court rejected the agreed upon sentence, the defendant could elect to withdraw his plea.

Reversed and judgment of conviction and order denying post-conviction relief reinstated.