*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2041**

Shantha Jayapathy, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 18, 2014
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-10-43510

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Peterson, Judge; and Connolly, Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

Appellant challenges her conviction of first-degree controlled-substance crime for possession of methamphetamine, arguing that her guilty plea was not voluntarily entered. We affirm.

## FACTS

On September 16, 2010, Robbinsdale police stopped appellant Shantha Jayapathy's vehicle and executed an arrest warrant for a pending charge of second-degree controlled-substance crime. Police discovered in her vehicle 37.9 grams of methamphetamine, including packaging; $2,800 in cash; a scale; and other suspected drug paraphernalia. Appellant was charged with first-degree controlled-substance crime. When appellant was arrested, three separate controlled-substance cases against appellant were pending in Hennepin County, including the case in which the arrest warrant was issued.[1] Appellant agreed to plead guilty to the charge arising from the September 16 stop in exchange for imposition of an 84-month sentence that would run concurrently with the sentence she received after being convicted following a trial in one of the pending cases and dismissal of a second pending case.

In her plea petition, appellant stated that she had "been a patient in a mental hospital," had "talked with or been treated by a psychiatrist or other person for a nervous

---

[1] Appellant's arrest warrant was issued on a pending charge of second-degree controlled-substance crime. (27-CR-10-42583). Appellant's two other pending cases involved first-degree controlled-substance crime (27-CR-10-13438), and fifth-degree controlled-substance crime (27-CR-09-60781).

or mental condition," and had "been ill recently." Before the district court accepted the plea, the following exchange occurred between the judge and appellant:

> THE COURT: . . . [Appellant], do you understand why you're in court today?
> [Appellant]: Yes.
> THE COURT: Have you had enough time both before today and today to talk with [your attorney] about this?
> [Appellant]: Yes.
> THE COURT: And do you understand what we're doing in the courtroom right now?
> [Appellant]: Yes.
> . . . .
> THE COURT: [Appellant], do you understand the terms of this negotiation that you're about to enter into with the State?
> [Appellant]: Yes.
> THE COURT: Do you have any questions about the terms?
> [Appellant]: No.
> THE COURT: Are you sure that this is what you want to do today?
> [Appellant]: Yes.
> THE COURT: You have to be sure because if you're not we can't go ahead with this?
> [Appellant]: Yes.

Appellant's attorney went through the rights that appellant was giving up by entering a guilty plea and verified that appellant and the attorney went over the plea petition "line-by-line" the day before, appellant received a copy of the petition, and appellant and the attorney went through the petition again before the plea hearing. The court then questioned appellant further:

> THE COURT: Most importantly, do you understand all the rights that you're giving up by pleading guilty today?
> [Appellant]: Yes.
> THE COURT: Are you presently taking any prescription medications?
> [Appellant]: No.
> THE COURT: Are you thinking clearly this morning?

> [Appellant]: Yes.
> THE COURT: Has anyone forced or coerced you in any way to plead guilty this morning?
> [Appellant]: No.
> THE COURT: Are you doing this of your own free will?
> [Appellant]: Yes.
> THE COURT: And are you doing this because you believe you are guilty of this offense?
> [Appellant]: Yes.

Appellant provided a factual basis for the plea, and the court accepted the plea after verifying that appellant understood that by pleading guilty she would receive an 84-month sentence and that her plea was final. The district court sentenced appellant in accordance with the terms of the plea agreement.

Nearly two years after entering her guilty plea, appellant petitioned for postconviction relief, asking "to withdraw her plea because it was not knowingly, intelligently and voluntarily entered." In the memorandum attached to the petition, appellant stated that she had suffered a traumatic brain injury that made her anxious and that her anxiety contributed to her decision to plead guilty even though she was innocent. In an affidavit attached to her postconviction petition, appellant stated,

> I pleaded guilty that day because I felt I had no other choice. I was innocent of all of the charges. Yet a jury had just found me guilty of two of them. My trial was very unfair. And I feared I could not receive a fair trial on the pending charges either.
> I did not act freely when I pleaded guilty. I felt I had no other choice due to how I had been treated in the judicial system.

The postconviction court denied appellant's petition without an evidentiary hearing, and this appeal followed.

4

**D E C I S I O N**

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). After sentencing, a district court must permit withdrawal of a guilty plea if "withdrawal is necessary to correct a manifest injustice." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989) (citing Minn. R. Crim. P. 15.05, subd. 1). Under this standard, a plea-withdrawal motion must be granted if the guilty plea is not valid, which depends on whether the plea was accurate, voluntary, and intelligently made. *Raleigh*, 778 N.W.2d at 94. The defendant bears the burden of establishing the grounds for permitting a plea withdrawal, and the validity of a plea is a question of law, which this court reviews de novo. *Id.* This court must affirm a postconviction court's decision unless the postconviction court abused its discretion. *Bruestle v. State*, 719 N.W.2d 698, 704 (Minn. 2006).

Appellant argues only that her plea was not "voluntarily entered" because she was "improperly pressured to plead guilty." "The voluntariness requirement helps insure that the defendant does not plead guilty because of any improper pressures or inducements." *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). Appellant contends that she was convicted of the other first-degree controlled-substance offense after an "unfair trial of a crime of which she is innocent" and that her traumatic brain injury made her "suffer[] heightened anxiety" that caused her "to feel she had no choice but to plead guilty."

But in her plea petition, appellant indicated that she understood the terms of the plea and the rights she was giving up by pleading guilty. Appellant indicated in the petition that she had been in a mental hospital, had been treated by a psychiatrist for a

5

nervous or mental condition, and had been ill recently, but she also indicated that she was not taking pills or other medicine. At her plea hearing, appellant agreed that she and her attorney went through the petition line by line, she was given a copy of the petition to read overnight before attending the hearing, and her attorney again went over the plea petition with her on the morning of the hearing. Appellant also told the judge that she "underst[ood] all the rights that [she was] giving up by pleading guilty," was "thinking clearly," was not "forced or coerced" to plead guilty, and was not "presently taking any prescription medications." While some of appellant's statements in the plea petition suggested that she could have a mental-health problem, or at least a history of mental-health problems, her statements at the plea hearing showed that she understood and responded appropriately to questions, and she specifically acknowledged that she was thinking clearly and was not forced or coerced to enter a guilty plea.

Appellant also relies on her presentence-investigation (PSI) report to support her claim that she had no choice but to plead guilty because she suffered heightened anxiety due to a traumatic brain injury.

The PSI report does not undermine the validity of appellant's guilty plea. No medical records in the report establish the existence, severity, or lingering effects of appellant's brain injury. Also, the nine-page report shows that a meaningful dialogue occurred between appellant and the evaluator. The dialogue does not demonstrate that appellant has cognitive deficiencies, and none were noted by the evaluator. Further, with the exception of memory problems, the deficiencies appellant claims from the brain injury—headaches, mood swings, and temperament changes—do not affect the validity

6

of her plea. *See Raleigh*, 778 N.W.2d at 96 (rejecting plea withdrawal claim of involuntariness because of "extreme stress" and irrational thinking when the defendant could not explain "how stress, irrational thinking, improper pressure, or coercion influenced his plea decision" and did not cite any legal authority permitting withdrawal under those circumstances).

Finally, a finding of coercion requires "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant." *State v. Ecker*, 524 N.W.2d 712, 719 (Minn. 1994) (quotation omitted). The record does not support a finding of coercion. Appellant asserts that she believed "she had no choice but to plead guilty" because she was coerced due to her anxious mental condition and her belief that "she had just been found guilty after an unfair trial of a crime of which she [was] innocent." Although this court overturned appellant's conviction in her other case because of prosecutorial misconduct, *Jayapathy v. State*, No. A13-1870 (Minn. App. May 19, 2014), appellant has not established that she was innocent, and she has not demonstrated how those proceedings coerced her to plead guilty to the current charge. On this record, we conclude that the postconviction court did not abuse its discretion by denying appellant's petition to withdraw her guilty plea.

**Affirmed**.

7