*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0626**

State of Minnesota,
Respondent,

vs.

Jason Wade Hostutler,
Appellant.

**Filed February 2, 2015
Affirmed
Bjorkman, Judge**

Rice County District Court
File No. 66-CR-13-1839

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Paul Beaumaster, Rice County Attorney, Terence Swihart, Assistant County Attorney, Faribault, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and

Connolly, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the denial of his presentence motion to withdraw his guilty plea based on the victim's recantation. We affirm.

## FACTS

On July 19, 2013, M.G. arrived at the Northfield Hospital alleging that her ex-boyfriend, appellant Jason Wade Hostutler, had been choking and beating her for the past few days. Officer Mark Kohn spoke with M.G. at the hospital and noticed redness around her neck and left shoulder and a handprint-shaped bruise on her right bicep. M.G. also had bruising and a cut near her right elbow, which she attributed to Hostutler striking her with a broom handle.

Respondent State of Minnesota charged Hostutler with domestic assault by strangulation and misdemeanor domestic assault. In late August, Hostutler pleaded guilty to domestic assault by strangulation. In exchange, the state dismissed the misdemeanor charge and agreed to recommend a stayed sentence. In early October, M.G. recanted her statements against Hostutler in an affidavit. M.G. explained that she fabricated her allegations because Hostutler had once falsely accused her of assaulting him with a knife and she "wanted him to go away."

Prior to sentencing, Hostutler moved to withdraw his guilty plea based on M.G.'s affidavit. The district court denied the motion, concluding that Hostutler provided a sufficient factual basis for his guilty plea at his plea hearing and that nothing indicated his

plea was "not fair and not just." The district court subsequently imposed the agreed-upon sentence. Hostutler appeals.

## DECISION

The decision to allow a defendant to withdraw a guilty plea before sentencing is left to the discretion of the district court, and will only be reversed "in the rare case in which the appellate court can fairly conclude that the [district] court abused its discretion." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). A defendant is permitted to withdraw a guilty plea before sentencing "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2.[1] When ruling on a presentence motion to withdraw a guilty plea, the district court must consider the reasons advanced by the defendant, as well as whether granting the motion would prejudice the prosecution. *Id.* Underlying the "fair and just" standard is "the notion that giving a defendant an absolute right to withdraw a plea before sentence would undermine the integrity of the plea-taking process." *Kim*, 434 N.W.2d at 266.

Hostutler argues that he should be permitted to withdraw his guilty plea because M.G. recanted the allegations underlying the assault offense. Recantation by a complaining witness does not compel a district court to allow a defendant to withdraw his guilty plea. *State v. Tuttle*, 504 N.W.2d 252, 256-57 (Minn. App. 1993). Rather, the court must be "reasonably certain that the recantation is genuine" before granting such a motion. *State v. Risken*, 331 N.W.2d 489, 490 (Minn. 1983). "Courts tend to view

---

[1] Minn. R. Crim. P. 15.05, subd. 1, allows a defendant to withdraw a guilty plea at any time to "correct a manifest injustice." On appeal, Hostutler does not contend that withdrawal is warranted under the manifest-injustice standard.

3

recanted testimony with suspicion because of the possibility that it was obtained through coercion." *State v. Caldwell*, 322 N.W.2d 574, 585 n.7 (Minn. 1982).

The district court acknowledged that resolution of Hostutler's motion required it to weigh two conflicting sworn statements: Hostutler's testimony at his plea hearing and M.G.'s recantation in an affidavit. While the district court did not make an explicit credibility determination regarding M.G.'s recantation, by framing the issue as a choice between two conflicting versions of events, the denial of Hostutler's motion implies that the district court did not find M.G.'s recantation to be genuine. We defer to a district court's credibility findings. *Vangsness v. Vangsness*, 607 N.W.2d 468, 473 (Minn. App. 2000).

Moreover, the record supports the district court's implicit credibility determination and establishes a factual basis for Hostutler's guilty plea. First, M.G.'s injuries, including bruising, redness around her neck and left shoulder, and cuts are consistent with her original allegations. Second, M.G.'s statements to Officer Kohn at the hospital immediately following the incident are consistent with her injuries. Finally, Hostutler's testimony at the plea hearing is consistent with M.G.'s statement that he choked her. Hostutler stated "we were arguing, and we got in a little wrestling match at the top of the stairs, and we went rolling down the stairs, and when we got to the bottom of the stairs, I was on top of her with my arm on her neck." He also admitted that he then wrapped his left arm around M.G.'s neck, squeezing to the point that she struggled to breathe.

Hostutler nonetheless argues that plea withdrawal is warranted because M.G.'s affidavit is inherently reliable because it constitutes a statement against interest and M.G.

had a strong motive to fabricate. We are not persuaded. M.G.'s affidavit does admit to lying to law enforcement about the assault, but the risk of prosecution was likely minimal. The recognized possibility that a complaining witness might falsely recant statements due to coercion also undercuts the argument that the statement is inherently reliable. *See Caldwell*, 322 N.W.2d at 585 n.7.

And the acrimonious relationship between Hostutler and M.G. arguably provides both with the motivation to fabricate. M.G.'s affidavit asserts that she accused Hostutler because he had previously lied about her attacking him, and she "wanted him to go away." Hostutler's past allegation could provide a motive for M.G. to lie. But as the state points out, Hostutler similarly recanted his allegation against M.G., and he could have used this to persuade her to do the same when the roles of accuser and accused were reversed. Such competing theories demonstrate that Hostutler's previous recantation could plausibly lend support to either party's argument.

In sum, evidence in the record, combined with Hostutler's own testimony, provided sufficient grounds for the district court to find that M.G.'s recantation was not genuine and that there is a sufficient factual basis for his plea. Accordingly, we conclude the district court did not abuse its discretion when it denied Hostutler's motion to withdraw his guilty plea.

**Affirmed.**