*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2089**

State of Minnesota,
Respondent,

vs.

Nicholas Taylor Rod,
Appellant.

**Filed November 30, 2015
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-13-11256

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Stephen L. Smith, Minneapolis, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Nicholas Rod pleaded guilty to first-degree burglary after he forced his way into a Minneapolis home and repeatedly punched the resident. Rod challenges the district

court's denial of his motion to withdraw his guilty plea and argues that the court abused its discretion by upwardly departing from the sentencing guidelines to impose a 69-month prison sentence. Because we hold that the district court did not abuse its discretion by denying Rod's motion to withdraw his plea, and because Rod's sentence falls within the presumptive guidelines range and does not constitute a departure, we affirm.

## FACTS

Just after two o'clock on an early morning in April 2013, Nicholas Rod repeatedly kicked the door of a stranger's home in Minneapolis. The resident opened the door slightly, and Rod forced his way inside and attacked the man, punching him repeatedly in the face and tackling him to the floor and pinning him there several minutes. Rod eventually let the man up, wandered into the bedroom, and lay on the resident's bed staring at the ceiling until police arrived.

The state charged Rod with first-degree burglary. Rod claimed to have no memory of the episode. Rod was conditionally released from custody during the following year, but four times he violated the terms of his release.

In July 2014, Rod entered a *Norgaard* guilty plea to the burglary charge. The parties' plea agreement contemplated sentencing alternatives that depended on Rod's compliance with the terms of his conditional release. If Rod complied with the conditions, the district court would sentence him to 40 months in prison, but if he violated the conditions, the district court would sentence him to 69 months.

During the guilty-plea hearing, the district court judge asked if Rod had enough time to discuss his plea with his attorney. Rod answered that he had. Rod's attorney

2

asked whether Rod understood the guilty plea and the rights he was waiving by entering it. Rod affirmed that he understood. Rod also acknowledged that if he violated the conditions of release, he would face a 69-month prison sentence, which would be 29 months longer than the sentence he would face if he complied. Rod's attorney asked whether Rod was thinking clearly notwithstanding his treatment for depression and chemical dependency. Rod responded that he was thinking "[c]ompletely clearly." The district court also questioned Rod regarding his understanding of the particularity of a *Norgaard* plea—that he was pleading guilty but could not recall the incident. Rod acknowledged that he could not remember his behavior because he had become voluntarily intoxicated. The district court scheduled the sentencing hearing.

Rod soon again violated his conditional-release terms and police took him into custody. The day before his scheduled sentencing, Rod moved to withdraw his guilty plea. He maintained that the plea was invalid because he entered it under stress and had been unable to consult with his family. But Rod admitted under questioning that the district court had given him additional time to consult with his attorney and that he had never asked to confer with his family. The district court denied the plea-withdrawal motion, finding that Rod failed to present any manifest injustice and that it was not fair and just to allow the requested withdrawal. The district court sentenced Rod to 69 months in prison. Rod appeals.

## DECISION

Rod challenges the district court's denial of his motion to withdraw his guilty plea. He also challenges the validity of his 69-month prison sentence. For the reasons that

3

follow, we hold that the district court did not abuse its discretion by denying Rod's motion to withdraw his plea and by imposing the 69-month prison sentence.

**I**

Rod sought to withdraw his plea under both bases of plea withdrawal in Minnesota Rule of Criminal Procedure 15.05. A defendant may withdraw his guilty plea before sentencing if it is "fair and just" to allow him do so. Minn. R. Crim. P. 15.05, subd. 2. Or the defendant can withdraw his plea if he shows that "withdrawal is necessary to correct a manifest injustice" after the sentence has been entered. *Id.*, subd. 1. Rod moved to withdraw his guilty plea before the district court sentenced him, but he moved to withdraw under both the pre- and postsentence standards. The district court denied the motion.

Rod's argument under the postsentence standard is not convincing. Whether withdrawal is required to avoid a manifest injustice is a question of law, and we review this determination de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). A manifest injustice occurs if the guilty plea is not valid, and the plea is invalid if it was not accurate, voluntary, or intelligent. *Id.* The requirement that a plea be intelligent ensures that the defendant understands the charges, the rights he is waiving, and the consequences of his plea. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). Rod argues that his guilty plea was not knowing and intelligent because of his ongoing struggle with depression and addiction, inability to consult with his family, inadequate time to deliberate, and status in custody. Rod provides no caselaw to support his theory that any of these factors (or all of them combined) renders a plea unknowing or unintelligent per se. And the facts

4

undermine his contention, in that he repeatedly informed the district court during the *Norgaard* hearing that he was clearheaded and not influenced by his afflictions. He also did not ask to consult with family and acknowledged that he received additional time to confer with his attorney. No manifest injustice weighs against enforcing Rod's guilty plea, which the district court properly found to be knowing and intelligent.

The district court also determined that it would not have been fair and just to allow Rod to withdraw his plea. The decision to allow a defendant to withdraw his guilty plea under the fair-and-just standard falls within the district court's discretion, and we will reverse the decision only for an abuse of discretion. *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). Rod cites no additional bases beyond those he presented in his manifest-injustice argument as to why the district court abused its discretion by finding it not fair and just to allow him to withdraw his plea. Rod's primary argument is that he was under a "great deal of stress" when he entered the guilty plea. He provides no factual or legal ground to displace the district court's assessment that he was not "under such undue stress that it would be 'fair and just' to allow for withdrawal." We therefore hold that the district court acted within its discretion by denying Rod's plea-withdrawal motion.

## II

Rod's sentencing argument appears to rest on a misunderstanding of law. He argues that the district court abused its discretion when it sentenced him to 69 months in prison, effectively imposing an 11-month upward departure from the presumptive sentence of the sentencing guidelines. Rod seems to misunderstand what is a presumptive sentence under the guidelines. A presumptive sentence is one that falls anywhere within

the suitable sentencing range of the guidelines table. *See State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). Combining Rod's criminal history score and the designated severity level for his offense of first-degree burglary under Minnesota Statutes section 609.582, subdivision 1(c) (2012), the presumptive sentence range is 50–69 months. *See* Minn. Sent. Guidelines 4.A (2012). The district court imposed a sentence at the top of that appropriate range, and so the 69-month prison term constituted a presumptive sentence. Rod's departure argument therefore rests on a false premise.

Rod argued more than a dozen additional points in his pro se supplemental brief, which we have considered carefully and find to lack sufficient merit for additional discussion.

**Affirmed.**