*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1736**

State of Minnesota,
Respondent,

vs.

Terry Lee Allford,
Appellant.

**Filed July 11, 2016
Affirmed
Larkin, Judge**

Itasca County District Court
File No. 31-CR-15-1021

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Muhar, Itasca County Attorney, Todd S. Webb, Assistant County Attorney, Grand Rapids, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)


        Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's denial of his presentence request to withdraw his guilty plea to one count of terroristic threats. Because appellant did not provide valid reasons showing that withdrawal is fair and just and because there is an adequate factual basis for the plea, we affirm.

## FACTS

Appellant Terry Lee Allford purchased a car from M.D.M. and quickly discovered that the car had mechanical issues. Allford called M.D.M., demanded that he fix the vehicle, and threatened to kill him if he did not do so. M.D.M. reported the threat to the police and stated that he locked his gates and moved his firearms to more accessible locations after the threat.

The police arrested Allford, and the state charged him with making terroristic threats. Allford appeared before the district court, and the district court ordered him to post bail. Acting on Allford's instructions, Allford's counsel solicited an offer for a plea agreement from the state. Pursuant to the plea agreement, Allford pleaded guilty as charged in exchange for his immediate release from custody and a stay of imposition of sentence. As support for his plea, Allford told the district court that he threatened to kill M.D.M. and agreed that in doing so, he made a terroristic threat. The district court released Allford from custody pending a sentencing hearing.

At the beginning of the sentencing hearing, Allford asked to withdraw his guilty plea, arguing that he only pleaded guilty to get out of jail, that the police did not give him

a *Miranda* warning, and that the state had not taken exculpatory evidence into consideration. The state countered that those were not valid reasons for plea withdrawal. The district court continued the hearing so it could review the record from Allford's plea hearing. At the next hearing, the district court denied Allford's request for plea withdrawal, stayed imposition of sentence, and placed him on probation for five years. This appeal follows.

## D E C I S I O N

### I.

Allford challenges the district court's denial of his request for plea withdrawal. There is no absolute right to withdraw a guilty plea after it has been accepted. *Perkins v. State*, 559 N.W.2d 678, 685 (Minn. 1997). Minnesota Rule of Criminal Procedure 15.05 provides two grounds for plea withdrawal. "[T]he court must allow a defendant to withdraw a guilty plea upon . . . proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. The court may, in its discretion, "allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2.

In determining whether it is fair and just to allow a defendant to withdraw a plea, the district court must consider (1) the reasons advanced by the defendant and (2) any prejudice to the state. *Id.* Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subd. 2, if the defendant fails to advance valid reasons why withdrawal is fair and just. *See State v. Raleigh*, 778 N.W.2d 90, 97-98 (Minn. 2010) (affirming denial of plea withdrawal under the fair-and-just standard where "the

prejudice to the State was overstated" but the defendant "failed to advance substantiated reasons for withdrawal of his plea"). We review a district court's decision regarding a motion to withdraw a guilty plea under the fair-and-just standard for an abuse of discretion, reversing only in the "rare case." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989).

Allford offers several reasons why the district court should have allowed him to withdraw his guilty plea. Allford primarily argues that he pleaded guilty because he was desperate to get out of jail and was unable to post bail. Allford suggests that the state's plea offer, which allowed him to get out of jail, was inherently coercive. However, this court has held that "the normal trauma associated with being incarcerated following an arrest is not, by itself, a basis to claim coercion." *Sykes v. State*, 578 N.W.2d 807, 813 (Minn. App. 1998), *review denied* (Minn. July 16, 1998).

Allford also argues that the police did not advise him of his *Miranda* rights, that there is evidence supporting a defense to the charge, and that because the standard for presentence plea withdrawal is less demanding than the postsentence standard, he met the standard. But Allford is not entitled to withdraw his plea just because his request was made before sentencing. Plea withdrawal may not be used as a device for delay or, as in this case, a way to avoid a bail requirement. *See State v. Taylor*, 288 Minn. 37, 43 n.8, 178 N.W.2d 892, 895 n.8 (1970) ("[T]he integrity of a guilty plea as a solemn commitment would be tarnished if an accused were allowed to play games with the judicial process." (quotations omitted)).

The district court determined that Allford did not provide a valid reason for plea withdrawal, stating that it did not "feel that there's a basis" for withdrawal. Because the

4

district court determined that Allford did not provide a valid reason showing that withdrawal was fair and just, it was unnecessary for the district court to assess potential prejudice to the state. *See Raleigh*, 778 N.W.2d at 97-98. This is not a rare case in which we would reverse the district court's discretionary decision not to allow presentence plea withdrawal.

## II.

Allford also argues that he is entitled to withdraw his plea because it lacks an adequate factual basis. "[T]he manifest injustice standard of [Minn. R. Crim. P. 15.05, subd. 1,] requires withdrawal where a plea is invalid." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). To be valid, a guilty plea must be "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). "Accuracy requires that the plea be supported by a proper factual basis[;] there must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Iverson*, 664 N.W.2d 346, 349 (Minn. 2003) (quotation omitted). "The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). "A defendant bears the burden of showing his plea was invalid." *Raleigh*, 778 N.W.2d at 94. The validity of a plea is a question of law that we review de novo. *Id.*

"Whoever threatens, directly or indirectly, to commit any crime of violence with purpose to terrorize another . . . or in a reckless disregard of the risk of causing such terror" is guilty of making terroristic threats. Minn. Stat. § 609.713, subd. 1 (2014). "[B]ecause

intent is a state of mind, it is generally proved by inferences drawn from a person's words or actions in light of all the surrounding circumstances." *State v. Thompson*, 544 N.W.2d 8, 11 (Minn. 1996). It may be inferred that "a person intends the natural and probable consequences of his actions." *State v. Cooper*, 561 N.W.2d 175, 179 (Minn. 1997).

Allford argues that the factual basis for his plea is inadequate because he did not admit that he intended to terrorize M.D.M. or that he acted in reckless disregard of the risk of causing such terror. As support for his guilty plea, Allford told the district court, "I made phone calls, threatened [M.D.M.]" and "I threatened to kill 'em." Allford also admitted that his actions caused M.D.M. to be concerned and to call the police. Allford agreed that in doing so, he made terroristic threats. Allford's testimony was sufficient to establish that he recklessly disregarded the risk of terrorizing M.D.M. It was not necessary for Allford to expressly admit that he specifically intended to terrorize M.D.M. *See State v. Bjergum*, 771 N.W.2d 53, 57 (Minn. App. 2009) ("The terms 'threatens' and 'reckless disregard' do not transform the recklessness-related portion of the terroristic-threats statute into a specific-intent crime."), *review denied* (Minn. Nov. 17, 2009).

In sum, the record from the plea hearing shows an adequate factual basis for Allford's guilty plea. Allford's statements in support of his plea establish that his conduct falls within the charge to which he pleaded guilty and that he did not plead guilty to a more serious offense than he could have been convicted of had he gone to trial. Because Allford fails to establish that his plea was inaccurate, he is not entitled to relief on this ground.

**Affirmed.**

6