*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1890**

State of Minnesota,
Respondent,

vs.

Kelvin Lenar Lee,
Appellant.

**Filed September 26, 2016
Affirmed
Randall, Judge***

Hennepin County District Court
File No. 27-CR-14-19790

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Worke, Presiding Judge; Ross, Judge; and Randall, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RANDALL**, Judge

Appellant argues that the district court abused its discretion in denying appellant's pre-sentencing motion to withdraw his guilty plea. Appellant claims it would have been fair and just to permit withdrawal, and the state would not have been unfairly prejudiced as a result. Because we conclude that appellant did not advance sufficient reasoning that he should be entitled to withdraw his plea under the fair-and-just standard, we affirm.

## FACTS

On June 23, 2015 appellant Kelvin Lenar Lee pleaded guilty to possessing six grams or more of cocaine on May 30, 2014. At the guilty-plea hearing appellant was asked "[Y]ou have admitted that you are an active user. . . [b]ut are you here today with a clean mind, and [do] you understand everything we are doing?" to which appellant replied, "Yes, I'm here today with a clean mind, and I do understand." The court later stated, "I find . . . that you are knowingly, voluntarily, and intelligently waiving your right to a trial in this case" to which the appellant replied, "[y]es, ma'am."

On July 13, 2015, at the sentencing hearing, appellant made a motion requesting that his counsel withdraw from representation and that he be permitted to withdraw his guilty plea. Appellant claimed that he was under a great deal of stress on the day of the plea hearing which impaired his thinking, that he intended to go through to trial from the beginning of the process, that he was suffering from effects of post-traumatic stress syndrome, that he was using drugs the night before his plea hearing, and that, although he remembers saying he was not under the influence and that he was speaking with a clear

2

mind, he did not speak with a clear mind because he did not realize he was still under the effects of drugs for a few days. The district court denied appellant's petition to withdraw his plea under the fair-and-just standard concluding that appellant had knowingly and voluntarily waived his rights at the plea hearing and that the state would suffer prejudice because the trial date had been extended several times already.

## D E C I S I O N

"A defendant does not have an absolute right to withdraw a valid guilty plea." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Guilty pleas may be withdrawn only if one of two standards is met. *See* Minn. R. Crim. P. 15.05 (setting forth the manifest-injustice and fair-and-just standards for plea withdrawal). Appellant contends that the district court abused its discretion in denying his guilty plea withdrawal under the fair-and-just standard.

The district court has discretion to allow plea withdrawal before sentencing

> [I]f it is fair and just to do so. The court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn. R. Crim. P. 15.05, subd. 2. A defendant bears the burden of advancing reasons to support withdrawal. *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). The state bears the burden of showing prejudice caused by withdrawal. *State v. Wukawitz*, 662 N.W.2d 517, 527 (Minn. 2003). Although it is a lower burden, the fair-and-just standard "does not allow a defendant to withdraw a guilty plea for simply any reason." *Theis*, 742 N.W.2d at 646 (quotation omitted). Allowing a defendant to withdraw a guilty plea "for any reason or

3

without good reason" would "undermine the integrity of the plea-taking process." *Kim*, 434 N.W.2d at 266. We review a district court's decision to deny a motion to withdraw a guilty plea under the fair-and-just standard for an abuse of discretion. *Id.*

Appellant argues that his guilty plea withdrawal should have been allowed because it had always been his intention to take the matter to trial but he had become discouraged by the numerous delays that had occurred and by the issues he was coping with outside of the courtroom. We do not find this argument to be persuasive. The matter was set for trial and was then delayed when appellant made a motion for discovery from the City of Minneapolis and then the trial was continued at least one other time at appellant's request. The delays that had occurred were partly the byproduct of appellant's actions and not adequate to support a fair and just reason for plea withdrawal.

Appellant also argues that granting the withdrawal of his plea is fair and just because his decision to plead guilty came after using drugs the night before and failing to get sufficient rest. This argument is not persuasive. At the guilty-plea hearing, the district court asked appellant if he was pleading guilty with a clean mind and an understanding of what was occurring, taking special note of his status as an active user. Appellant responded that he was making the plea with a clear mind. Further, appellant has never argued that his plea was inaccurate, unintelligent, or involuntary and agrees that none of his circumstances are per se sufficient to constitutionally invalidate his guilty plea. *See State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) (stating that to be valid, a guilty plea must be "accurate, voluntary and intelligent"). Appellant did not indicate at the plea-withdrawal hearing how the drugs were influencing his plea. He stated: "You know, I didn't think that I was under

4

the influence at the time but. . . it take[s] a couple of days to withdraw from the use of drugs . . . and . . . it takes a while for me to think clearly . . . with doing the withdraw." In his brief, appellant argues that, even if he is suffering "buyer's remorse," the fair-and-just standard should be "sensitive to and accommodating of" circumstances of an individual appellant. The fair-and-just standard does not require "sensitivity" or accommodation. All that is required is that the district court "give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." Minn. R. Crim. P. 15.05, subd. 2.

We give deference to the credibility determinations made by a district court during a plea hearing. *State v. Aviles-Alvarez*, 561 N.W.2d 523, 527 (Minn. App. 1997), *review denied* (Minn. June 11, 1997). "[D]istrict court findings which are the product of firsthand observation of the demeanor of parties and witnesses possess a certain integrity not contained in the written record alone." *Tamarac Inn, Inc. v. City of Long Lake*, 310 N.W.2d 474, 477 (Minn. 1981). Relying on its conversations with, and observations of, appellant, the district court concluded that the plea was made knowingly, voluntarily, and intelligently. Based upon its observations and conversations with appellant, including appellant's statements under oath that he was not under the influence of any drugs, the district court concluded that appellant was of sound mind when he made his guilty plea. This is not the "rare case" in which the court should reverse a guilty plea under the fair-and-just standard. Instead, granting the plea withdrawal, under these circumstances, would undermine the integrity of the plea-taking process. *Kim*, 434 N.W.2d at 266.

5

The district court also made a determination that granting plea withdrawal would unfairly prejudice the state because the trial date had been continued several times already. Neither party addresses the prejudice to the state if the plea-withdrawal motion were to be granted. However, under the fair-and-just standard the state does not need to produce evidence of prejudice where the appellant has failed to advance adequate reasons why granting the plea withdrawal is "fair and just." *Raleigh*, 778 N.W.2d at 98. Because we conclude that appellant has failed to show adequate reasons to support the argument that withdrawal is fair and just, we do not address the question of whether the state would be prejudiced if the plea-withdrawal motion was granted.

We conclude the district court properly found that appellant did not advance sufficient reasoning that he should be entitled to withdraw his plea under the fair-and-just standard.

**Affirmed.**