*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1025**

State of Minnesota,
Respondent,

vs.

Joshua David Wipper,
Appellant.

**Filed October 11, 2016
Affirmed
Larkin, Judge**

Cass County District Court
File No. 11-CR-15-2252

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Christopher J. Strandlie, Cass County Attorney, Jeanine R. Brand, Assistant County Attorney, Walker, Minnesota (for respondent)

Rich C. Kenly, Kenly Law Office, Backus, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Bratvold, Judge.

**LARKIN**, Judge

Appellant challenges his conviction of fifth-degree assault, arguing that the district court erred by denying his presentence request for plea withdrawal under Minn. R. Crim. P. 15.05, subd. 2.  We affirm.

## FACTS

Appellant Joshua David Wipper was charged with fifth-degree domestic assault on December 11, 2015 by citation.  That day, Wipper signed a Misdemeanor Statement of Rights, indicating that he wanted to plead guilty and give up his right to a trial.  The Misdemeanor Statement of Rights referred to the offense described in the citation, and it described the maximum sentence, the right to counsel, the right to trial, the presumption of innocence, the burden of proof, the right to remain silent, the right to confront and cross-examine witnesses, and the right to subpoena witnesses.

On January 13, 2016, Wipper appeared in district court with counsel and pleaded guilty as charged.  On January 26, Wipper filed a notice of substitution of counsel and a motion to withdraw his plea.  On March 10, Wipper appeared with his new attorney and argued for plea withdrawal.  Wipper provided testimony in support of withdrawal, asserting that his first attorney told him he had to plead guilty, that he felt like he had no choice, and that he did not understand what was going on during his plea.

The district court denied Wipper's motion, because it did not "find sufficient reason to allow the plea to be withdrawn."  This appeal follows.

**D E C I S I O N**

Wipper contends that the district court erred by denying his motion for plea withdrawal. "A defendant does not have an absolute right to withdraw a valid guilty plea." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Guilty pleas may be withdrawn only if one of two standards is met. *See* Minn. R. Crim. P. 15.05 (setting forth the manifest-injustice and fair-and-just standards for plea withdrawal).

The district court must allow plea withdrawal at any time "upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." *Id.*, subd. 1. The district court may allow plea withdrawal before sentencing "if it is fair and just to do so." *Id.*, subd. 2. "The court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." *Id.* A defendant bears the burden of advancing reasons to support withdrawal. *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). The state bears the burden of showing prejudice caused by withdrawal. *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010).

Although it is a lower burden, the fair-and-just standard "does not allow a defendant to withdraw a guilty plea for simply any reason." *Theis*, 742 N.W.2d at 646 (quotation omitted). Allowing a defendant to withdraw a guilty plea "for any reason or without good reason" would "undermine the integrity of the plea-taking process." *Kim*, 434 N.W.2d at 266. We review a district court's decision to deny a motion to withdraw a guilty plea under the fair-and-just standard for an abuse of discretion, reversing only in the "rare case." *Id.*

3

Wipper argues that:

> In the case at hand, it is upon this second, more lenient basis, that the Appellant predicates his request. It is "fair and just" to allow the Appellant to withdraw his plea. He did not know what he was doing, only following what he was told by his attorney that he had to plead guilty.

We first address Wipper's assertion that "[h]e did not know what he was doing" during the plea hearing, which is "evidenced by his conduct during the plea." After Wipper's case was called at the plea hearing and his attorney informed the district court that he wished to plead guilty, Wipper requested additional time to speak with his attorney before tendering his plea, which the district court allowed. When the case was recalled, Wipper stated that he understood that he would waive "all the rights that were earlier gone through with [him]," including the right to a jury trial and the right to have the state prove its case beyond a reasonable doubt. Wipper told the district court he was willing to waive those rights and plead guilty. Later, at the plea-withdrawal hearing, Wipper testified that he did not understand what was going on during his plea.

When denying his plea withdrawal, the district court described Wipper's testimony in support of withdrawal, noting that "Wipper testified that his attorney told him that he had to plead guilty and that his attorney did not tell him that he had the right to take the case to trial." The district court also described Wipper's conflicting testimony in support of his plea, noting that

> At the time of Mr. Wipper's plea, the Court asked Mr. Wipper if he had any questions, and then allowed [him] more time to confer with his attorney. The Court specifically asked Mr. Wipper if he understood that he was waiving his right to a jury trial, and Mr. Wipper responded 'Yes.'

4

After describing Wipper's inconsistent testimony, the district court ruled that it did not "find sufficient circumstances exist to justify" plea withdrawal. We view the district court's reasoning as an implicit rejection of Wipper's testimony in support of plea withdrawal.

When a defendant makes inconsistent statements regarding the validity of his guilty plea, "credibility determinations are crucial, [and] a reviewing court will give deference to the primary observations and trustworthiness assessments made by the district court." *State v. Aviles-Alvarez*, 561 N.W.2d 523, 527 (Minn. App. 1997), *review denied* (Minn. June 11, 1997). We therefore defer to the district court's implicit rejection of Wipper's testimony that he did not understand the proceedings.

We next address Wipper's assertion that he pleaded guilty because his first attorney told him he "had to plead guilty." Wipper did not submit an affidavit or testimony from his first attorney to support that assertion. Instead, Wipper relied on his own testimony that his first attorney told him he had to plead guilty and that he felt that he did not have a choice. The district court implicitly rejected that testimony, and we defer to its credibility determination.

We last address Wipper's assertion that there would be "absolutely no prejudice to the state" if he were allowed to proceed to trial. "Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just." *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013). Because

Wipper has not provided valid reasons why withdrawal is fair and just, we do not consider the potential-prejudice factor.

In sum, the district court did not abuse its discretion by concluding that Wipper did not provide sufficient reasons for plea withdrawal. We therefore affirm.

**Affirmed.**