*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1467**

State of Minnesota,
Respondent,

vs.

Stacy Lynn Tjoens,
Appellant

**Filed January 9, 2017
Affirmed
Worke, Judge**

Sherburne County District Court
File No. 71-CR-14-1864

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Daniel N. Rehlander, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant argues that the district court abused its discretion by denying her request to withdraw her guilty plea prior to sentencing. We affirm.

# FACTS

On or about December 28, 2014, officers received a call from employees at a retail store that appellant Stacy Lynn Tjoens attempted to leave the store with over $1,000 in unpurchased merchandise. During a confrontation with store employees, Tjoens left the store and got into an awaiting vehicle. Officers stopped the vehicle, which was filled with over $1,300 in unpurchased merchandise. A security video showed Tjoens and the vehicle's driver arrive at the store together, split up, meet in the electronics section, and exit separately. Tjoens was charged with attempted theft.

Tjoens agreed to plead guilty to the charged count of attempted theft and to an amended count of theft. Tjoens's plea was "conditional." If Tjoens complied with the conditions of release prior to sentencing, she would be sentenced for attempted theft. If she failed to comply with the conditions, she would be sentenced for theft, which would be twice as long as the sentence for attempted theft. One of Tjoens's conditions was to remain law abiding. The district court warned Tjoens that if she was arrested or violated any of the conditions of release, she would be sentenced for theft.

While the parties believed that the sentence for theft would be 18 months in prison and the sentence for attempted theft would be half that, the only guarantee regarding sentencing was a bottom-of-the-box[1] sentence. The presentence investigation (PSI) showed that the presumptive sentence for theft was 21 months in prison and that the presumptive sentence for attempted theft was "half of that or the minimum sentence of 12 months and 1 day[]."

---

[1] A sentence at the low end of the presumptive range.

Prior to sentencing, Tjoens moved to withdraw her guilty plea, arguing that she was not advised that the sentence for attempted theft was a year and a day and not nine months. She also argued that she was coerced into pleading guilty in order to be released from jail to care for family and to appear for other court hearings.

At the hearing on Tjoens's motion, the state provided documentation that Tjoens had been arrested two times, which violated her conditions of release. The district court denied Tjoens's motion to withdraw her guilty plea and sentenced her to 18 months in prison for the theft conviction. This appeal follows.

**D E C I S I O N**

A district court must allow the withdrawal of a guilty plea at any time if "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A district court may allow a defendant to withdraw a guilty plea "before sentenc[ing] if it is fair and just to do so." *Id.*, subd. 2. Under the fair-and-just standard, a district court considers two factors: "(1) the reasons a defendant advances to support withdrawal and (2) [any] prejudice granting the motion would cause the [s]tate given reliance on the plea." *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010) (citing Minn. R. Crim. P. 15.05, subd. 2).

While the fair-and-just standard "is less demanding than the manifest injustice standard," *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007), a defendant does not have an absolute right to withdraw a plea before sentencing, *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989), and may not withdraw a guilty plea "for simply any reason." *State v. Farnsworth*, 738 N.W.2d 364, 372 (Minn. 2007). The burden is on the defendant to show the reasons entitling her to withdrawal of a guilty plea. *Kim*, 434 N.W.2d at 266.

3

The district court's decision to deny a motion to withdraw a guilty plea under the fair-and-just standard is reviewed for an abuse of discretion and will be reversed only in the "rare case." *Raleigh*, 778 N.W.2d at 97.

Tjoens argues that she should have been allowed to withdraw her guilty plea because she believed that she would be sentenced to nine months for the attempted-theft conviction. But when Tjoens pleaded guilty she was guaranteed only a bottom-of-the-box sentence; she was never promised a nine-month sentence.

At the plea hearing, the district court asked: "[H]ave you identified what that number is or is it simply bottom of the box with a criminal [history] score of six?" Tjoens's attorney stated: "It would be eighteen months at a criminal history score of six. I just left at the bottom of the box in case something came back differently on the [sentencing] worksheet." Tjoens's attorney agreed that there was "no guarantee" that the sentence would be 18 months. And on her guilty-plea petition, Tjoens indicated that she "agree[d] to [a] bottom of the box sentence." Tjoens also indicated that she understood that her sentence for attempted theft would be half of the sentence for theft. As the district court found, Tjoens was not given inaccurate information regarding her sentence because she was promised a bottom-of-the-box sentence, not a nine-month sentence.

Moreover, Tjoens's argument that she should be allowed to withdraw her guilty plea because she expected a nine-month sentence is irrelevant because she violated the conditions of her release. The district court told Tjoens: "You are not to be arrested for anything else. If you violate any of [these] conditions, the conditional plea will be off and I'll be sentencing on the theft." Tjoens stipulated to the state's documents showing

4

her arrests. Tjoens claims that she cannot control whether she is arrested, but she should be able to control the criminal behavior that leads to her arrests. Tjoens understood that if she violated the conditions of release, she would not be entitled to the shorter sentence regardless of whether it was nine months or a year and a day.

Tjoens also argues that she should have been allowed to withdraw her guilty plea because she pleaded guilty only to get out of jail to care for her family. The record indicates otherwise. At her plea hearing, Tjoens indicated that she was not threatened or coerced into pleading guilty and acknowledged that she entered her plea freely, voluntarily, and with a clear head. Tjoens also indicated that nobody made any promises to obtain her guilty plea and that she was not pleading guilty to get out of jail. Tjoens stated that she pleaded guilty because she believed that she is guilty. The record does not support Tjoens's assertion that she was coerced into pleading guilty. Based on the record, the district court did not abuse its discretion by denying Tjoens's motion to withdraw her guilty plea.

**Affirmed.**