*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0763**

State of Minnesota,
Respondent,

vs.

Anthony Paris Wilson,
Appellant.

**Filed April 29, 2024**
**Affirmed**
**Connolly, Judge**

Blue Earth County District Court
File No. 07-CR-21-2017

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Patrick R. McDermott, Blue Earth County Attorney, Megan E. Gaudette Coryell, Assistant County Attorney, Mankato, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Smith, Tracy M., Judge; and Reilly, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**CONNOLLY**, Judge

In this appeal from the final judgment, appellant argues that he must be allowed to withdraw his guilty plea to third-degree criminal sexual conduct because his guilty plea was constitutionally invalid. Alternatively, he argues that he must be allowed to withdraw his guilty plea under the presentence fair-and-just standard. We affirm.

## FACTS

In June 2021, respondent State of Minnesota charged appellant Anthony Wilson with one count of third-degree criminal sexual conduct under Minn. Stat. § 609.344, subd. 1(b) (2020), and one count of fourth-degree criminal sexual conduct under Minn. Stat. § 609.345, subd. 1(b) (2020). The complaint alleged that on June 20, 2021, Wilson, who was 25 years old at the time, sexually assaulted a 13-year-old girl. According to the complaint, the victim reported that, while at Wilson's residence, she gave Wilson oral sex, and that Wilson touched her breasts and penetrated her vagina with his fingers.

Wilson entered a *Norgaard* plea[1] to the third-degree criminal-sexual-conduct charge. In exchange for Wilson's guilty plea, the state agreed to dismiss the fourth-degree criminal-sexual-conduct charge, and Wilson would be free to argue for a stayed sentence.

In October 2022, Wilson failed to appear for sentencing and a bench warrant was issued. Wilson later moved to withdraw his guilty plea prior to sentencing under the fair-and-just standard set forth in Minn. R. Crim. P. 15.05, subd. 2, claiming that he did not

---

[1] *State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867, 871 (Minn. 1961).

fully understand the collateral consequences of his plea, including its impacts on his employment and housing. The district court denied Wilson's motion, concluding that collateral consequences are not grounds for plea withdrawal and that the withdrawal of Wilson's plea would prejudice the state. The district court then stayed imposition of sentence, placed Wilson on probation for seven years, and ordered him to serve 365 days in jail. This appeal follows.

## DECISION

Wilson challenges the district court's denial of his request to withdraw his guilty plea. He argues for the first time on appeal that his guilty plea is constitutionally invalid. Wilson also contends that the district court abused its discretion in denying his request to withdraw his guilty plea under the fair-and-just standard. These arguments are addressed in turn.

### A. *Wilson's guilty plea was constitutionally valid.*

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But a defendant may challenge the constitutional validity of his guilty plea for the first time on direct appeal. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent. A defendant bears the burden of showing his plea was invalid. Assessing the validity of a plea presents a question of law that [appellate courts] review de novo." *Raleigh*, 778 N.W.2d at 94 (citations omitted).

Wilson challenges only the accuracy of his guilty plea. An accurate guilty plea requires a factual basis "showing that the defendant's conduct meets all elements of the

3

offense to which he is pleading guilty." *State v. Jones*, 921 N.W.2d 774, 779 (Minn. App. 2018), *rev. denied* (Minn. Feb. 27, 2019). This requirement "is satisfied if the record contains a showing that there is credible evidence available which would support a jury verdict that [a] defendant is guilty of at least as great a crime as that to which he [pleaded] guilty." *Nelson v. State*, 880 N.W.2d 852, 859 (Minn. 2016) (quotation omitted).

Wilson entered a *Norgaard* plea to the alleged third-degree criminal-sexual-conduct offense. "A plea constitutes a *Norgaard* plea if the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009), *rev. denied* (Minn. Apr. 21, 2009). But a *Norgaard* plea must still be accurate, voluntary, and intelligent. *Id.* at 11-12.

Here, the following colloquy between Wilson and his attorney was held on the record at Wilson's plea hearing:

> Q: Do you[] recall having contact with [the victim and her friend] in Blue Earth County [on June 20, 2021]?
> A: Yes.
> Q: Now on that date, when you did have contact with them[,] [y]ou were drinking alcohol is that correct?
> A: I didn't start drinking until they brought the bottle.
> Q: Okay, irrespective of who brought the alcohol, were you drinking alcohol on that day?
> A: Yes.
> Q: [You were] also taking other medications or pills. Is that correct?
> A: Yes.
> Q: And your memory of that night was impaired because you . . . were impaired by alcohol and drugs. Is that correct?
> A: Yes.

4

Wilson argues that his plea was invalid because, although he "agreed that his memory was 'impaired,'" he never claimed that he "lost memory of the alleged offense due to amnesia or intoxication." But Wilson's signed plea petition states, "I intend to enter a *Norgaard* plea" because "I was so drunk or so under the influence of drugs or medicine that I did not know what I was doing at the time of the crime." In addition, the signed addendum to the plea petition states, "I do not recall the circumstances of the offenses." And the district court confirmed with Wilson on the record at his plea hearing that it was his signature on the plea petition.

Moreover, the following colloquy occurred on the record at the plea hearing between Wilson and his attorney related to his *Norgaard* plea:

> Q: Finally, Mr. Wilson, we discussed what a[] *Norgaard* plea is. Is that correct?
> A: Yes.
> Q: Is it your understanding that a *Norgaard* plea is where at the time of the offense you were under the influence of alcohol or a combination of alcohol and drugs? Let's say you don't remember what happened is that correct?
> A: Yes.
> Q: In a *Norgaard* plea you understand that you do not assert a claim of innocence. You basically agree with the State's evidence. You just don't recall it and you wish to enter a plea of guilty to take the benefit of a plea deal that the State has extended to you. Is that why you're entering a plea of guilty today?
> A: Yes.

Wilson further acknowledged on the record that his memory of the alleged offense was "impaired by alcohol and drugs." As such, the record does not support Wilson's position that "he never claimed that drug or alcohol use caused him to lose his memories."

Wilson also contends that his guilty plea was invalid because "the factual basis for the purported *Norgaard* plea was created solely through leading questions, and [he] never explained in his own words the circumstances of the alleged offense or why he had decided to enter the *Norgaard* plea." We are not persuaded. Ordinarily, the parties establish a proper factual basis "by questioning the defendant and asking the defendant to explain in his or her own words the circumstances surrounding the crime." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). But for *Norgaard* pleas, the parties must establish the factual basis using other means. A *Norgaard* plea establishes an adequate factual basis by requiring (1) a record that "clearly shows that in all likelihood the defendant committed the offense" and (2) the defendant's acknowledgment that the evidence is sufficient for a jury to convict the defendant. *Williams*, 760 N.W.2d at 12-13. These two components "provide the court with a basis to independently conclude that there is a *strong* probability that the defendant would be found guilty of the charge to which he pleaded guilty." *Id.* at 13.

The record here reflects that Wilson's counsel summarized the evidence expected to be presented at trial, which included evidence that (1) the victim was 13 years old on the date of the alleged offense; (2) the victim would testify that "she gave [Wilson] sex and that [Wilson's] penis went inside of her mouth" and that Wilson was 25 years old at the time; and (3) these events occurred in Blue Earth County. Wilson agreed that if all of this evidence was presented at trial that a jury would find him guilty beyond a reasonable doubt. And Wilson agreed that he was not asserting a claim of innocence. These facts, in the context of a *Norgaard* plea, provide an adequate factual basis to establish that Wilson was guilty of violating Minn. Stat. § 609.344, subd. 1(b).

6

Moreover, although the Minnesota Supreme Court has "repeatedly discouraged the use of leading questions to establish a factual basis," the supreme court has "never held that the use of leading questions automatically invalidates a guilty plea." *Nelson*, 880 N.W.2d at 860. And Wilson cites to no authority that requires us to allow plea withdrawal after the factual basis of a *Norgaard* plea was established using primarily leading questions, despite the practice being disfavored. On this record, Wilson's *Norgaard* plea was supported by an adequate factual basis. Therefore, Wilson is unable to establish that his guilty plea is constitutionally invalid.

B.   *The district court did not abuse its discretion in denying Wilson's request to withdraw his guilty plea under the fair-and-just standard.*

Wilson also argues that, in the alternative, he must be allowed to withdraw his guilty plea under the fair-and-just standard. Under this standard, district courts are required to give "due consideration" to two separate factors: (1) the "reasons advanced . . . in support of the motion" and (2) "any prejudice the granting of the motion would cause the prosecution." Minn. R. Crim. P. 15.05, subd. 2; *accord Raleigh*, 778 N.W.2d at 97. The defendant bears the burden of advancing reasons to support plea withdrawal, and the state bears the burden of showing prejudice. *Raleigh*, 778 N.W.2d at 97. We review a district court's decision to deny a withdrawal motion under the fair-and-just standard for an abuse of discretion, "reversing only in the 'rare case.'" *Id.* (quoting *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989)).

Wilson argues that it would be fair and just to allow him to withdraw his guilty plea because "he was not aware that his guilty plea would prevent him from maintaining

7

housing and employment." But in *Kim*, the supreme court affirmed the district court's denial of the defendant's motion to withdraw his plea because the defendant did not establish that there was a fair-and-just reason to withdraw. 434 N.W.2d at 266-67. There, the defendant sought to withdraw his plea because he did not think that he would lose his job as a collateral consequence of the plea agreement, and the supreme court determined that this was a unilateral mistake resulting from the defendant's own failure to heed advice to consult with his employer about the impact of his plea before accepting the plea agreement. *Id.*

Here, in denying Wilson's motion to withdraw his guilty plea, the district court noted that Wilson acknowledged at the plea hearing that his attorney went over the plea petition with him and that he understood the consequences of his plea, including the fact that "by pleading guilty to criminal sexual conduct in the third degree it will trigger registration for [ten] years." Wilson's acknowledgments at the plea hearing indicate that he understood the collateral consequences of his guilty plea. As such, in light of Wilson's acknowledgments at the plea hearing, and the discretion afforded the district court, Wilson is unable to demonstrate that the district court abused its discretion in concluding that there was not a fair and just reason to permit him to withdraw his plea. And because the district court acted within its discretion in concluding that Wilson failed to establish a fair and just reason to withdraw his guilty plea, we need not address whether the state would be prejudiced by allowing Wilson to withdraw his guilty plea. *See Raleigh*, 778 N.W.2d at 98 (holding that the district court did not abuse its discretion by denying a plea-withdrawal

motion under the fair-and-just standard when the defendant failed to provide any substantiated reason why the withdrawal would be fair and just).

Nevertheless, even if Wilson could establish a fair and just reason to withdraw his plea, the state has met its burden of demonstrating that prejudice would result if Wilson were permitted to withdraw his plea. The district court found that "at least one" of the girls involved in this case "was in contact with probation regarding this matter and they shared their thoughts on this matter and what they would like to see happen and have discussed how this case has affected them." The district court then found that "it would be prejudicial to the State to allow [Wilson] to withdraw [his] plea because the [s]tate is entitled to some finality and so [is] the victim[] to this offense." And the district court referenced the prejudice to the state related to the staleness of the case if Wilson were permitted to withdraw his plea, which was exacerbated by Wilson's failure to appear for sentencing in October 2022. The district court properly balanced the considerations required under the fair-and-just standard and concluded that there was no fair and just reason to allow Wilson to withdraw his plea. Wilson cannot show that the district court abused its discretion in making this decision. Accordingly, Wilson has not shown that he is entitled to withdraw his guilty plea.

**Affirmed.**